Filed 4/13/17; pub. & mod. order 4/20/17 (see end of opn.)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE, | C082363 |
| Petitioner, | (Super. Ct. No. CRF065575) |
| v. | |
| THE SUPERIOR COURT OF YOLO COUNTY, | |
| Respondent; | |
| MARGARITA MERCED RODAS, | |
| Real Party in Interest. | |

Real Party in Interest Margarita Merced Rodas was granted probation in 2007 after entering a negotiated plea of no contest to transporting heroin under former Health and Safety Code section 11352.  (Unless otherwise set forth, statutory references that follow are to the Health and Safety Code.)  At the time, the statute prohibited transporting a

1

controlled substance for personal use. (Former § 11352, subd. (a).) After violating probation on several occasions, Rodas eventually absconded and her whereabouts were unknown until 2015 when she appeared in court and filed a motion to vacate her felony transportation conviction and replace it with a misdemeanor sentence for simple possession. Rodas sought the retroactive benefit of a 2014 statutory amendment to section 11352 that required transportation *for sale* rather than merely for personal use. (§ 11352, subd. (a).) The trial court later granted her oral motion to withdraw her plea and reinstated the original charges.

The People petitioned for a writ of mandate directing the trial court to vacate its order allowing Rodas to withdraw her nearly nine year old plea. According to the People, Rodas' conviction had long been final for review purposes because she did not challenge the probation order within the six-month time limit set forth in Penal Code section 1018. The court thus acted in excess of its jurisdiction in granting the motion because Rodas was not entitled either to withdraw her plea or to the retroactive benefit of the intervening amendment to section 11352. We agree the trial court exceeded its jurisdiction by granting Rodas' motion to withdraw her no contest plea. The ruling vacating the no contest plea and reinstating the charges is reversed and the matter is remanded to the trial court for appropriate proceedings on the probation violation allegation.

FACTS AND PROCEEDINGS

Based on an incident in October 2006, Rodas was charged with unlawfully transporting heroin (count 1), morphine (count 3), and hydrocodone (count 5) (former § 11352, subd.(a)), and unlawfully possessing heroin (count 2), morphine (count 4), and hydrocodone (count 6) (former § 11350, subd. (a)). The complaint also alleged a prior conviction for transportation of a controlled substance (enhancements a & b). (§ 11370.2, subd. (a).)

In July 2007, Rodas pleaded no contest to the count 1 transportation of heroin charge in exchange for dismissal of all remaining charges and enhancements. The felony plea form specifically states that she transported heroin "for personal use." Pursuant to Proposition 36, also known as the Substance Abuse and Crime Prevention Act of 2000, the court suspended imposition of sentence and, pursuant to the plea agreement, granted Rodas three years probation with various terms and conditions. (Pen. Code, § 1210.1, subd. (a).) She did not appeal her conviction.

In October 2007, a few months after entering her plea, the court revoked Rodas' probation for allegedly violating certain probation conditions. The violation of probation was eventually dismissed in December 2007 and Rodas was reinstated to probation under the original terms and conditions.

A second violation of probation was filed in April 2008 alleging Rodas failed to enter into and complete a drug treatment program. A month later, Rodas admitted the violation and the court reinstated probation.

A third violation of probation was filed in November 2008 alleging multiple violations. The probation officer recommended excluding Rodas from further Proposition 36 probation because she was unable or unwilling to comply with her probation terms. Despite this recommendation, after admitting the violation in December 2008, the court reinstated Rodas on probation.

In May 2009, a fourth violation of probation was filed against Rodas. The court revoked probation and ordered Rodas to appear for arraignment on the violation. Rodas, however, failed to appear and a bench warrant was later issued for her arrest.

Rodas' whereabouts remained unknown until 2015 when the public defender placed her cases on calendar to recall the outstanding warrant. In October 2015, after the amendment of section 11352 and the passage of Proposition 47, Rodas moved to vacate her felony conviction for transporting heroin (§ 11352, subd. (a)) and replace it with a misdemeanor conviction for possessing heroin (§ 11350, subd. (a)). Rodas argued that

3

because the court suspended imposition of her sentence and granted her probation, no final judgment had ever been entered in her case. She was thus entitled to the retroactive benefit of section 11352's amended definition of "transports," which required transportation *for sale* and not simply transportation for personal use.

The People responded that such a remedy was improper and that Rodas should have, but did not, file a motion to withdraw her plea. After Rodas' counsel made an oral motion to withdraw her plea at the hearing, the court granted the motion and reinstated all of the counts and enhancements originally charged in the complaint.

The People originally appealed the court's ruling, but we dismissed the appeal for lack of an appealable order. The People then filed the instant writ petition. After this court issued an alternative writ to the Superior Court of Yolo County to show cause why the petition for writ of mandate should not be granted, Rodas filed an answer and opposed the petition.

DISCUSSION

When Rodas pleaded no contest in 2007, section 11352, subdivision (a) provided that any person who "transports" specified controlled substances including heroin shall be punished by imprisonment. (§ 11352, subd. (a); Stats. 2000, ch. 8, § 5.) At the time, courts had interpreted the word "transports" to include transporting controlled substances for personal use. (See e.g., *People v. Rogers* (1971) 5 Cal.3d 129, 134-135; *People v. Eastman* (1993) 13 Cal.App.4th 668, 673-677.)

Effective January 1, 2014, the Legislature amended section 11352 by adding subdivision (c), which provides, "For purposes of this section, 'transports' means to transport for sale." (§ 11352, subd. (c); Stats. 2013, ch. 504, § 1.) The amendment intended to criminalize the transportation of drugs for the purpose of sale and not the transportation of drugs for personal use. (See Assem. Floor Analysis, Conc. in Senate Amend., Analysis of Assembly Bill No. 721 (2013-2014 Reg. Sess.) as amended June 27,

4

2013, p. 3 [" 'This bill makes it expressly clear that a person charged with this felony must be in possession of drugs with the intent to sell.  Under AB 721, a person in possession of drugs ONLY for personal use would remain eligible for drug possession charges.  However, personal use of drugs would no longer be eligible for a SECOND felony charge for transportation' "].)

Following the statute's amendment, "transportation of heroin for personal use no longer constitutes a violation of section 11352."  (*People v. Ramos* (2016) 244 Cal.App.4th 99, 102 (*Ramos*).)  "The practical effect of this amendment is that transportation of heroin for sale as opposed to personal use is now an element of the offense that must be decided by a jury by proof beyond a reasonable doubt."  (*Id.* at pp. 102-103.)

Generally, "where the amendatory statute mitigates punishment and there is no saving clause, the rule is that the amendment will operate retroactively so that the lighter punishment is imposed" if the amended statute takes effect before the judgment of conviction becomes final.  (*In re Estrada* (1965) 63 Cal.2d 740, 744, 748 (*Estrada*) ["If the amendatory statute lessening punishment becomes effective prior to the date the judgment of conviction becomes final then, in our opinion, it, and not the old statute in effect when the prohibited act was committed, applies"].)  While the parties agree on this general proposition, they disagree over whether *Estrada* applies in this case.

The People contend Rodas' conviction was final for purposes of review at the time the amendment to section 11352 took effect, and, thus, she was not entitled to relief under *Estrada*.  They primarily base their finality argument on the interplay between two statutes, Penal Code section 1018, which addresses when a guilty plea may be withdrawn, and Penal Code section 1237, which delineates when a criminal defendant may appeal. (Pen. Code, §§ 1018, 1237, subds. (a) & (b).)

Penal Code section 1018 provides, in pertinent part, "On application of the defendant at any time before judgment *or within six months after an order granting*

5

*probation is made if entry of judgment is suspended*, the court may, and in case of a defendant who appeared without counsel at the time of the plea the court shall, for a good cause shown, permit the plea of guilty to be withdrawn and a plea of not guilty substituted . . . .This section shall be liberally construed to effect these objects and to promote justice."  (Italics added.)

Penal Code section 1237 delineates when a defendant may appeal from a final judgment of conviction.  (Pen. Code, § 1237, subd. (a).)  An order granting probation is identified in Penal Code section 1237 as a "final judgment" for purposes of taking an appeal.  (*Ibid.*)

Based on the above statutory provisions, the People argue that Rodas had to move to withdraw her no contest plea within six months of the court's order granting probation.  Once that time period passed without any such motion having been filed, the court lacked jurisdiction to allow Rodas to withdraw her plea.  And, because Rodas could have but did not appeal the probation order under Penal Code section 1237, the judgment of conviction is now final for retroactivity purposes because she is precluded from challenging the underlying conviction in any subsequent appeal.

Rodas, on the other hand, argues that there has never been a sentence or final judgment in her matter because the court suspended imposition of sentence and granted her Proposition 36 probation.  (Pen. Code, § 1210.1, subd. (a) [Proposition 36 "[p]robation shall be imposed by suspending the imposition of sentence"].)  In her view, in the absence of any such final judgment, the ameliorative benefit of the amendment to section 11352 would apply under *Estrada*.

In defending the challenged order, Rodas cites this court's recent decision in *People v. Eagle* (2016) 246 Cal.App.4th 275 (*Eagle*), which involved an identical amendment to section 11379 concerning the transportation of methamphetamine.  She similarly relies on *Ramos, supra,* 244 Cal.App.4th at page 103, which considered the amendment to section 11352 at issue here.

6

While it is true that both *Eagle* and *Ramos* applied the respective amendments to sections 11352 and 11379 retroactively, the People in those cases, unlike here, conceded *Estrada* applied.  (*Eagle, supra,* 246 Cal.App.4th at p. 279; *Ramos, supra,* 244 Cal.App.4th at p. 103.)  None of the parties in *Eagle* referenced Penal Code section 1018, however.  (See *Eagle, supra,* 246 Cal.App.4th at pp. 278-280.)  Nor did they address the effect of the statute on a trial court's jurisdiction to grant an untimely motion to withdraw a guilty plea.  (*Ibid.*)

The defendant in *Ramos*, moreover, appealed her conviction following a jury trial.  (*Ramos, supra,* 244 Cal.App.4th at p. 100.)  It was during the pendency of the appeal that the court accepted the parties' concession that the amendment to section 11352 applied under *Estrada*.  (*Id.* at pp. 102-103.)  The fact that the amendment applied under the circumstances presented in *Ramos*, however, is unremarkable.  (See *People v. Yearwood* (2013) 213 Cal.App.4th 161, 171-172 [" 'Cases in which judgment is not yet final include those in which a conviction has been entered and sentence imposed but an appeal is pending when the amendment becomes effective' "].)  The People's concession in *Ramos* simply does not shed light on whether the trial court had jurisdiction to allow Rodas to withdraw her plea in this case.

Because appellate opinions are not authority for unconsidered propositions (*Palmer v. GTE California, Inc.* (2003) 30 Cal.4th 1265, 1278), and *Eagle* and *Ramos* do not mention Penal Code section 1018, those decisions are of no help in determining the effect of the statute on Rodas' ability to belatedly withdraw her guilty plea.  Now that the issue is squarely before us, we conclude the People have the better argument.

In 1991, the Legislature amended Penal Code section 1018 by adding the language that permits withdrawal of a guilty plea for good cause "within six months after an order granting probation is made if entry of judgment is suspended."  (Stats. 1991, ch. 421, § 1 (Assem. Bill No. 2174) (1991-1992 Reg. Sess.); see also *People v. Miranda* (2004) 123 Cal.App.4th 1124, 1131-1133 (*Miranda*).)  In amending the statute, the Legislature

7

intended "to eliminate late withdrawal of pleas and the resultant jeopardy to the prosecution caused by the passage of time." (Sen. Com. on Judiciary, analysis of Assem. Bill No. 2174 (1991-1992 Reg. Sess.) as amended May 30, 1991.)

According to the enrolled bill report, "The purpose of this bill is to eliminate late withdrawal of pleas which often prejudices the prosecution because of the passage of time. . . . [¶] The Attorney General states that 'defendants who have already received the benefit of probation should not be entitled to greater rights to withdraw their guilty pleas than other defendants who are sentenced to state prison.' Also, a lengthy delay after the original plea of guilty may result in missing witnesses, faulty recollections, and other problems in bringing the case to trial." (Off. of Criminal Justice Planning, Enrolled Bill Rep. on Assem. Bill No. 2174 (1991-1992 Reg. Sess.) Sept. 5, 1991.)

Given the above legislative history, the court in *Miranda* deemed Penal Code section 1018's six-month time limit for withdrawing a guilty plea after an order granting probation with entry of judgment suspended mandatory rather than directory. (*Miranda, supra,* 123 Cal.App.4th at p. 1133.) According to the court, "in view of the fundamental and sole stated purpose for the amendment, the time limit must be deemed mandatory." (*Ibid.*) Reading the statute otherwise, the court observed, "would obviate the purpose of the amendment." (*Ibid.*) We agree.

Because the six-month time limitation in Penal Code section 1018 is mandatory, the trial court had no discretion to disregard the failure to file a timely motion to withdraw. (*Miranda, supra,* 123 Cal.App.4th at p. 1126.) Where, like here, a defendant moves to withdraw his or her guilty or no contest plea beyond the period proscribed in Penal Code section 1018, the court lacks jurisdiction to consider or grant the motion. (*Id.* at p. 1134.) Thus, the trial court exceeded its jurisdiction in granting Rodas' motion to withdraw her plea.

Rodas' contention that Penal Code section 1018 does not apply because she does not seek a "statutory remedy in nature" is without merit. The statute governs when a trial

8

court may grant a motion to withdraw a guilty plea (Pen. Code, § 1018), which is precisely what Rodas asked the trial court to do below.

We also conclude that *In re May* (1976) 62 Cal.App.3d 165, 167-169 (*May*), which Rodas argues should control the instant matter, does not dictate a different result. There, the court granted a petition for writ of habeas corpus to set aside the trial court's order modifying probation to include a jail term after the Legislature had amended the statute to which the defendant pleaded guilty to make the offense a misdemeanor punishable by a fine. *May* was decided decades before the Legislature amended Penal Code section 1018 to include the strict six-month time limit for withdrawing a guilty plea when the court grants probation. (Stats. 1991, ch. 421, § 1 (Assem. Bill No. 2174) (1991-1992 Reg. Sess.).) Because *May* did not consider Penal Code section 1018 and the statute's affect on a court's jurisdiction to grant a belated motion to withdraw a no contest plea, the opinion is not helpful.

Even if *In re May* was not distinguishable on that ground, we question the continued viability of the court's conclusion that the defendant's conviction was not final for retroactivity purposes under *Estrada.*[1] (*May, supra,* 62 Cal.App.3d at p. 169.) "State convictions are final 'for purposes of retroactivity analysis when the availability of direct appeal to the state courts has been exhausted and the time for filing a petition for writ of certiorari has elapsed or a timely filed petition has been finally denied.' [Citations.] " (*Beard v. Banks* (2004) 542 U.S. 406, 411 [159 L.Ed.2d 494].)

As the People point out, because the order granting probation constitutes a final judgment of conviction under Penal Code section 1237 (Pen. Code, § 1237, subd. (a)),

---

[1] *People v. Amons* (2005) 125 Cal.App.4th 855, 869, fn. 8, in dicta, also appears to recognize that a defendant who is granted probation with imposition of sentence suspended is entitled to the retroactive benefit of a change in the law even though the judgment of conviction is final for purposes of appeal. For the same reasons, we disagree.

the order was directly appealable. (Pen. Code, § 1237, subd. (a).) Under section 1237 of the Penal Code, a defendant may challenge the merits of his conviction on an appeal from the order granting probation. (*People v. Howard* (1965) 239 Cal.App.2d 75, 77.) If the time to appeal the probation order lapses without an appeal having been taken, however, the defendant may not thereafter challenge the underlying conviction when appealing a subsequent order revoking probation and imposing a suspended sentence. (*Ibid.* ["Since no appeal was taken within the allowable time from this [probation] order, appellant is now precluded from going behind the order granting probation" to challenge the merits of his conviction]; see also *People v. Glaser* (1965) 238 Cal.App.2d 819, 821 [following revocation of probation after imposition of sentence had been suspended, the defendant was precluded from challenging any matters giving rise to his conviction and the ensuing order granting him probation because he failed to timely perfect an appeal under Penal Code section 1237 from the probation order], disapproved on another ground by *People v. Barnum* (2003) 29 Cal.4th 1210, 1219, fn.1 & 1221.)

Penal Code section 1237.5 and the implementing rules of court, moreover, make it clear that Rodas had 60 days to file a notice of appeal from the probation order and a statement of reasons for issuance of a certificate of probable cause. (Pen. Code, § 1237.5; Cal. Rules of Court, rules 8.304, subds. (a) & (b) & 8.308, subd. (a).) This she did not do. Nor did she petition the United States Supreme Court for a writ of certiorari challenging the judgment of conviction. (See U.S. Supreme Ct. Rules, rule 13(1) [a petition for writ of certiorari seeking review of a state court judgment must be filed within 90 days after entry of the judgment].)

A defendant seeking appellate review following a plea of guilty or no contest, however, must "*fully and timely comply* with *both*" Penal Code section 1237.5 and the rules of court implementing the statute. (*In re Chavez* (2003) 30 Cal.4th 643, 651 (*Chavez*) [discussing Penal Code section 1237.5 and Cal. Rules of Court, former rule 31(d) (now rule 8.308)].) " 'The purpose of the requirement of a timely notice of appeal

is, self-evidently, to further the finality of judgments by causing the defendant to take an appeal expeditiously or not at all.' " (*Id.* at p. 650.)

Because Rodas did not appeal the court's order granting probation, the judgment of conviction for transporting heroin became final for retroactivity purposes in 2007. She is not entitled, then, to the benefit of the amendment to section 11352, which became effective nearly seven years later in 2014. In other words, in this context, although imposition of Rodas' sentence was suspended, the process to appeal the conviction based on her no contest plea has ended, rendering final the conviction for retroactivity purposes. (*Danser v. Public Employees' Retirement System* (2015) 240 Cal.App.4th 885 [former judge's conviction by jury of felony, which was upheld on appeal, was final for purposes of determining right to CALPERS credits even though the court suspended imposition of sentence, granted probation, and later granted the defendant early termination of probation and reduced his felony conviction to a misdemeanor under Penal Code section 17].)

As our Supreme Court has recognized, "[s]trict adherence to procedural deadlines and other requirements governing appeals that emanate from judgments entered upon pleas of guilty or no contest is *vital*, in view of the circumstance that such judgments represent the vast majority of felony and misdemeanor dispositions in criminal cases." (*Chavez, supra,* 30 Cal.4th at p. 654, fn. 5; italics added.) Allowing Rodas to withdraw her plea and set aside the judgment of conviction at this late stage would violate the important public policy of strictly adhering to procedural deadlines in these types of cases and -- as noted by *Chavez* -- fundamentally undermine the finality of a majority of the criminal matters in California.

Such a result would also have the absurd effect of encouraging defendants to violate the terms of their probation in the hopes of extending the probation term to take advantage of any beneficial changes in the law during the probationary period. And it would severely prejudice the People by virtue of the passage of time--the precise reason

11

the Legislature amended Penal Code section 1018 to include the six-month limitation for withdrawing guilty pleas. (*Miranda, supra,* 123 Cal.App.4th at p. 1133.)

While we conclude the court lacked jurisdiction under Penal Code section 1018 to allow Rodas to withdraw her plea, we recognize that the rules governing writs of *coram nobis* may apply under the circumstances. In *People v. Totari* (2003) 111 Cal.App.4th 1202, 1206, for example, the court stated: "The 'normal rules' for withdrawal of a plea, when the strict time limits set forth in Penal Code section 1018 have expired, are identical to the rules for obtaining a writ of *coram nobis*." Because Rodas did not petition for a writ of *coram nobis* in the court below, however, we express no view as to the applicability of, or availability of relief under, such a petition. (*Miranda, supra,* 123 Cal.App.4th at p. 1134, fn. 7.)

DISPOSITION

The order granting Rodas' motion to withdraw her no contest plea to transporting heroin is reversed. The matter is remanded for appropriate proceedings on the probation violation allegation.


                                                           HULL              , Acting P.J.


We concur:



        MURRAY         , J.



        HOCH          , J.


12

Filed 4/20/17

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE, | C082363 |
| Petitioner, | (Super. Ct. No. CRF065575) |
| v. | |
| THE SUPERIOR COURT OF YOLO COUNTY, | ORDER MODIFYING OPINION ON COURT'S OWN MOTION AND CERTIFYING OPINION FOR PUBLICATION |
| Respondent; | |
| MARGARITA MERCED RODAS, | |
| Real Party in Interest. | [CHANGE IN JUDGMENT] |

ORIGINAL PROCEEDINGS: Petition for Writ of Mandate from an order of the Superior Court of Yolo County, Paul K. Richardson, Judge. Peremptory Writ issued.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Senior Assistant Attorney General, Catherine Chatman and R. Todd Marshall, Supervising Deputy Attorneys General, Larenda R. Delaini and Nicholas M. Fogg, Deputy Attorneys General for Petitioner.

No appearance for Respondent.

1

Tracie Olson, Public Defender, Ronald Johnson, Deputy Public Defender for Real Party in Interest.

THE COURT:

It is ordered that the opinion filed herein on April 13, 2017, be modified as follows:

1.      The last sentence in the second paragraph on page 2 beginning with "The ruling vacating the no contest plea . . . ." is deleted and replaced with the following: "We shall issue a peremptory writ of mandate directing the respondent superior court to vacate its order granting the motion to withdraw the no contest plea."

2.      The paragraph under the heading "DISPOSITION" is deleted in its entirety. The following paragraph is inserted in its place: "Let a peremptory writ of mandate issue directing the respondent superior court to vacate its April 14, 2016, order granting the oral motion of real party in interest to withdraw her guilty plea, and to further vacate the court's order reinstating the complaint, and to enter a new order denying the motion to withdraw the guilty plea."

This modification changes the judgment. (Cal. Rules of Court, rules 8.264, subd. (c) & 8.490, subd. (a).)

2

The opinion in the above-entitled matter filed on April 13, 2017, was not certified for publication in the Official Reports. For good cause it now appears that the opinion should be published in the Official Reports and it is so ordered.


BY THE COURT:


_____HULL_____, Acting P.J.


_____MURRAY_____, J.


_____HOCH_____, J.