Filed 10/28/21  P. v. Milberger CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>BERNARD MILBERGER, JR.,<br><br>    Defendant and Appellant. | B305968<br><br>(Los Angeles County<br>Super. Ct. No. A561270) |

APPEAL from an order of the Superior Court of Los Angeles County, Stanley Blumenfeld, Jr., Judge.  Reversed.

Janet Uson, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Charles S. Lee and Stephanie A. Miyoshi, Deputy Attorneys General, for Plaintiff and Respondent.

Much has changed in the law since the trial court denied defendant and appellant Bernard Milberger, Jr.'s (defendant's) Penal Code section 1170.95 petition without first appointing counsel to represent him.[1]  Our Supreme Court decided *People v. Lewis* (2021) 11 Cal.5th 952 (*Lewis*), which (among other things) holds a trial court must appoint counsel for a section 1170.95 petitioner upon the mere filing of a facially sufficient petition. (*Id.* at 957.)  The Governor also approved Senate Bill No. 775 (2020-2021 Reg. Sess.) (SB 775), which is intended to codify the aforementioned holding in *Lewis* and makes further changes to section 1170.95 procedure.[2]  (Stats. 2021, ch. 551, §§ 1(b), 2.)  We consider whether to reverse in light of *Lewis*'s view on appointment of counsel or to instead affirm, as the Attorney General argues, on the theory that any error in denying defendant's uncounseled section 1170.95 petition was harmless.

I

A trial jury convicted defendant in 1983 of special circumstance murder, with the special circumstance being a

---

[1]     Undesignated statutory references that follow are to the Penal Code.

[2]     The changes worked by SB 775 take effect at the start of 2022.  If we were to affirm, there is no realistic prospect defendant's conviction would be final by that time.  (*People v. Superior Court* (*Rodas*) (2017) 10 Cal.App.5th 1316, 1325 ["'State convictions are final "for purposes of retroactivity analysis when the availability of direct appeal to the state courts has been exhausted and the time for filing a petition for a writ of certiorari has elapsed or a timely filed petition has been finally denied." [Citations]'"].)

killing in the attempted commission of a robbery. The prosecution's evidence at trial established defendant and an accomplice attempted to rob a liquor store and defendant fatally shot the store manager with a shotgun; the defense, which the jury rejected, was alibi.

In finding defendant guilty of first degree murder, the jury found true an associated personal use of a firearm allegation. The jury also convicted defendant of attempted robbery and found true firearm allegations associated with that charge. The trial court sentenced defendant to life without possibility of parole, plus a determinate term for the attempted robbery offense that does not matter for our purposes.

Another panel of this court affirmed the convictions on direct appeal. Among the rejected arguments for reversal was an argument that the felony murder special circumstance was infirm because the jury was not instructed it must find defendant had the intent to kill. This court's opinion agrees there was a failure to so instruct the jury but finds the omission harmless because the record, in the court's view, indicated the parties recognized intent to kill was in issue, the parties presented all evidence at their command on that issue, and the record established the necessary intent as a matter of law. Specifically, this court's opinion maintains an instruction the jury received on aiding and abetting was "tantamount to a recognition by the parties that intent to kill was in issue" and then concludes there "presumably . . . was no other evidence on the issue of intent" because defendant did not testify and presented only an alibi defense. This court's opinion further holds intent to kill was "established as a matter of law" because defendant admitted shooting the victim, the shooting occurred at close range, and

"[n]o contrary evidence on this issue was introduced, other than the alibi defense, which the jury did not believe."

Some three-plus decades later, defendant filed a section 1170.95 petition. Via boxes checked on a form petition, defendant asserted he was convicted of felony murder and could not now be convicted because of amendments made to section 189 that took effect in January 2019. Specifically, defendant asserted he was not the actual killer; did not, with intent to kill, aid and abet the actual killer; and was not a major participant in the felony or act with reckless indifference to human life during the course of the felony. Defendant also requested the court to appoint counsel to represent him.

The trial court "summarily denied" defendant's petition without first appointing counsel. The trial court's denial order relied on this court's prior opinion resolving defendant's direct appeal and reasoned the holding that defendant's "intent to kill was established 'as a matter of law' defeats the petition." Specifically, the trial court concluded that "[b]ased on the record of conviction, [defendant] was the actual killer who shot the victim with the intent to kill him. This court is bound to accept that determination as found by the appellate court in this case. [Citations.] In light of this determination, the court must summarily deny the petition."

II

The bulk of the Attorney General's briefing is devoted to arguing section 1170.95 did not require the trial court to appoint counsel for defendant before ruling on his section 1170.95 petition. That is now water under the *Lewis* bridge, and changes made by SB 775 only serve to further confirm appointing counsel

4

was required.  (*Lewis, supra,* 11 Cal.5th at 957 ["[W]e conclude that the statutory language and legislative intent of section 1170.95 make clear that petitioners are entitled to the appointment of counsel upon the filing of a facially sufficient petition [citation] and that only *after* the appointment of counsel and the opportunity for briefing may the superior court consider the record of conviction to determine whether 'the petitioner makes a prima facie showing that he or she is entitled to relief'"]; see also Stats. 2021, ch. 551, §§ 1(b), 2.)  We are accordingly left with only one real question: whether to affirm, notwithstanding the trial court's erroneous refusal to appoint counsel, because the error was harmless.

We decline to affirm on harmlessness grounds.  The impact appointed counsel might make in a case like this can be significant because the appellate record does not show section 1170.95 eligibility is an open and shut case when considered in light of the provision in section 1170.95 that allows a petitioner to come forward with new evidence not introduced during trial. (§ 1170.95, subd. (d)(3); see also *People v. Murillo* (2020) 54 Cal.App.5th 160, 173, review granted Nov. 18, 2020, S264978 ["If as a matter of law the record of conviction shows . . . that the defendant was a major participant who acted with reckless indifference to human life, *and the defendant does not claim he has new evidence to present*, he has not made a prima facie case"], italics added.)  To be sure, a court may rely *in some circumstances* on statements made in a prior appellate opinion (*Lewis, supra,* 11 Cal.5th at 972), but the hedge words in this court's prior opinion resolving defendant's direct appeal—e.g., there "presumably" was no other evidence of intent—rather obviously reveal there may be arguments or new evidence available to an appointed attorney

5

that would present a stronger case for section 1170.95 relief. That possibility leaves us lacking the requisite confidence that the result would be no different if counsel were appointed.  (*Id.* at 974 ["[A] petitioner 'whose petition is denied before an order to show cause issues has the burden of showing "it is reasonably probable that if [he or she] had been afforded assistance of counsel his [or her] petition would not have been summarily denied without an evidentiary hearing"'"].)

## DISPOSITION

The order denying defendant's section 1170.95 petition is reversed and the matter is remanded with directions to appoint counsel for defendant and to proceed, on or after January 1, 2022, consistent with the pertinent provisions of section 1170.95.

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

BAKER, Acting P. J.

We concur:

MOOR, J.

KIM, J.

6