Filed 10/29/25  P. v. Murphy CA1/4
# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>ANNAYA S. MURPHY,<br><br>　　　Defendant and Appellant. | A172461<br><br>(Solano County<br>Super. Ct. No. F2301943) |

Defendant Annaya Murphy was placed on probation following her no contest plea to a single count of robbery.  At a contested hearing, she was found to have violated the terms of her probation by committing an additional theft offense.  Murphy appeals the order reinstating her on probation.  Her appointed appellate counsel has filed a brief seeking our independent review of the record for arguable issues pursuant to *People v. Wende* (1979) 25 Cal.3d 436.  Counsel informed Murphy of her right to file a supplemental brief on her own behalf, which she has not done.  We have conducted a review pursuant to *Wende* and find no arguable issues.  Accordingly, we affirm.

## BACKGROUND

On May 13, 2024, Murphy pled no contest to one count of robbery (Pen. Code, § 211) in exchange for a maximum term of five years and the possibility of probation.  On July 12th, the court suspended imposition of

sentence and placed her on formal probation for two years. As a condition of probation Murphy was ordered to serve 180 days in county jail. She was ordered to report to jail on August 30.

Murphy did not report to jail as ordered and on October 28, the probation department filed a revocation petition alleging that Murphy violated the terms of her probation by committing a new theft offense. At a contested probation violation hearing, evidence was introduced that on September 30th, Murphy, along with two other women, stole six pairs of shoes from a retail shoe store. The officer who responded to the store and questioned Murphy testified that Murphy denied being on probation when asked. Based on the evidence presented, the court found that Murphy was in violation of her probation both for the theft and by lying to the officer about not being on probation.

At a hearing on November 15th, the court offered Murphy a choice between the following dispositions: (1) revoke her probation and serve the low term in state prison, or (2) remain on probation, waive the 96 days of credit accrued, and serve 364 days in county jail. After conferring with her attorney, Murphy accepted the second option and waived her credits. The court reinstated probation and ordered that Murphy serve 364 days in county jail.

Murphy's notice of appeal purports to appeal the order issued following the November 15th hearing but challenges "the validity of her plea or admission." Her request for a certificate of probable cause was denied.

## DISCUSSION

Liberally construed, Murphy's notice of appeal encompasses both the October order finding that she had violated the terms of her probation and the November order reinstating probation. (See *In re Joshua S.* (2007)

2

41 Cal.4th 261, 272 [" 'notices of appeal are to be liberally construed so as to protect the right of appeal if it is reasonably clear what [the] appellant was trying to appeal from, and where the respondent could not possibly have been misled or prejudiced' "].)  However, the time for appealing the initial order granting probation following Murphy's plea to the robbery charge has passed and thus, that order is not included in the present appeal.  (*People v. Superior Court* (*Rodas*) (2017) 10 Cal.App.5th 1316, 1325 ["Under section 1237 of the Penal Code, a defendant may challenge the merits of his conviction on an appeal from the order granting probation.  [Citation.]  If the time to appeal the probation order lapses without an appeal having been taken, however, the defendant may not thereafter challenge the underlying conviction when appealing a subsequent order revoking probation and imposing a suspended sentence"].)

Although requested, a certificate of probable cause is not necessary for review of the finding that Murphy violated her probation because it did not involve a plea or admission.  Murphy was found to have violated her probation at a contested hearing and substantial evidence supports the court's finding.  The record further reflects that Murphy's decision to waive her prior custody credits as a condition for the reinstatement of probation was knowing and intelligent.  (See *People v. Johnson* (1978) 82 Cal.App.3d 183, 188 [so-called "*Johnson* waiver" permits a knowing and intelligent waiver of presentence and postsentence credit for time served].)

As noted, Murphy has not filed a supplemental brief.  Nonetheless, we have reviewed the grounds asserted in the request for certificate of probable cause to the extent they suggest her reasons for appealing.  Her claim that she was not aware of her "probation hearing" is not supported by the record, which reflects that she was present at both the contested revocation hearing

3

and the hearing at which probation was reinstated. Her claim that she was "never found guilty" of the probation violation also conflicts with the record. Her unsupported assertion that her attorney "was not supposed to be practicing" at the time of the hearings conflicts with the records of the California State Bar, which show that his license was active in October and November 2024.[1] Finally, Murphy asserts that the fact that she was not given a "10 day flash" from the probation department was "overlooked" by her attorney. A probationer, however, does not have a right to flash incarceration. (See Pen. Code, § 1203.35 [authorizing the county probation department to use flash incarceration for any violation of the conditions of probation].) Accordingly, based on our independent review of the record, we have found no arguable issues.

## DISPOSITION

The orders finding that Murphy violated probation and reinstating probation are affirmed.

GOLDMAN, J.

WE CONCUR:

BROWN, P. J.
CLAY, J. *

---

[1] We take judicial notice of records of the State Bar, posted on its official Web site [https://apps.calbar.ca.gov/attorney/Licensee/Detail/258002], which show that Christopher Dobbins, State Bar No. 258002, held an active license to practice law in California in October and November 2024. (See *In re White* (2004) 121 Cal.App.4th 1453, 1469, fn. 14 [taking judicial notice of State Bar records].)

*Judge of the Alameda Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.