Filed 2/18/16; on remand from Supreme Court

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
|     Plaintiff and Respondent, | E052297 |
| v. | (Super.Ct.No. FSB905099) |
| RICHARD JAMES GOOLSBY, | OPINION |
|     Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County. Bryan Foster, Judge. Reversed with directions.

Steven S. Lubliner, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Senior Assistant Attorney General, Eric A. Swenson and Felicity Senoski, Deputy Attorneys General, for Plaintiff and Respondent.

This case has come back to us on remand from the California Supreme Court so we can decide one lingering issue.

1

Defendant Richard James Goolsby set fire to two motor homes he owned at a time when he and his girlfriend were living in one of them. As a result, he was convicted of arson of an inhabited structure (Pen. Code, § 451, subd. (b)), with a multiple structure enhancement (Pen. Code, § 451.1, subd. (a)(4)). In our original opinion, we held that there was insufficient evidence that the inhabited motor home was a "structure." We also held that Penal Code section 654 barred a retrial on the lesser related offense of arson of property. (Pen. Code, § 451, subd. (d).)

The Supreme Court granted the People's petition for review. Defendant then argued (for the first time) that a retrial on the lesser related offense was barred by principles of double jeopardy. The Supreme Court held that Penal Code section 654 did not bar a retrial. However, it remanded so that we could consider defendant's double jeopardy contention.

Having received and considered supplemental briefs (Cal. Rules of Court, rule 8.200(b)), we conclude that double jeopardy bars a retrial for arson of property and for any other lesser related offense on which the jury was instructed.

I

PROCEDURAL BACKGROUND

A.  *Trial Court Proceedings*.

Defendant was charged with one count of arson of an inhabited structure (Pen. Code, § 451, subd. (b)), with a multiple structure enhancement (Pen. Code, § 451.1, subd. (a)(4)), and one count of attempted murder (Pen. Code, §§ 187, subd. (a), 664, subd. (a)).

2

In connection with count 1 (arson of an inhabited structure), the jury was instructed on the following offenses:

1. Arson of an inhabited structure;

2. Arson of a structure or property (Pen. Code, § 451, subds. (c), (d)), as a lesser included offense;

3. Unlawfully causing a fire that burned an inhabited structure (Pen. Code, § 452, subd. (b)), as a lesser included offense; and

4. Unlawfully causing a fire (Pen. Code, § 452, subds. (c), (d)), as a lesser included offense.

The jury was also instructed not to return a verdict finding defendant guilty of any lesser crime unless it found him not guilty of the greater crime.[1]

The jury found defendant guilty of arson of an inhabited structure. It also found the multiple structure enhancement true. However, it found defendant not guilty of attempted murder.

In a bifurcated proceeding, after defendant waived a jury trial, the trial court found true three "strike" priors (Pen. Code, §§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)), three prior serious felony conviction enhancements (Pen. Code, § 667, subd. (a)(1)), and three one-year prior prison term enhancements (Pen. Code, § 667.5, subd. (b)).

As a result, defendant was sentenced to a total of 48 years to life in state prison, along with the usual fines, fees, and restrictions.

---

[1] The verdict forms similarly precluded the jury from finding defendant guilty of a lesser offense unless it also found him not guilty of all greater offenses.

B.      *Appellate Proceedings.*

Defendant appealed.  We filed an opinion holding that there was insufficient evidence that the inhabited motor home was a "structure" to support the conviction for arson of an inhabited structure.  (*People v. Goolsby* (Jan. 14, 2014, E052297) [superseded by grant of review April 23, 2014, S216648] (*Goolsby I*).)  We further held that we could not reduce the conviction to arson of property (Pen. Code, § 451, subd. (d)), because this was a lesser related offense—rather than a lesser included offense—of arson of an inhabited structure.  Finally, we held that a retrial on the lesser related offense of arson of property was barred by Penal Code section 654.  Justice Richli dissented from this latter holding, arguing that Penal Code section 654 did not bar a retrial for arson of property.

The Supreme Court held that Penal Code section 654 did not bar a retrial for arson of property.  (*People v. Goolsby* (2015) 62 Cal.4th 360, 365-368.)  It found it significant that the jury had been instructed on arson of property:  "If the trial court had not instructed the jury on arson of property, we have no doubt that [Penal Code section 654] would prohibit charging that crime for the first time now.  Here, however, although the charging documents never charged this crime, the court did instruct the jury on it at trial. Defense counsel's response to the trial court's stated intent to instruct on the lesser related offense of arson of property . . . falls short of an express objection. . . .  As such, counsel impliedly consented to the jury's consideration of the arson of property offense. [Citation.]"  (*Id.* at pp. 366-367.)  Accordingly, it reversed our judgment.  (*Id.* at p. 368.) However, it remanded to give us an opportunity to consider whether a retrial for arson of property is barred by double jeopardy principles.  (*Ibid.*)

4

## II

## DOUBLE JEOPARDY BARS A RETRIAL FOR ARSON OF PROPERTY

Defendant contends that a retrial on a charge of arson of property is barred under state and federal double jeopardy principles.

"'The constitutional protection against double jeopardy unequivocally prohibits a second trial following an acquittal.' [Citation.] The same is true when a conviction is reversed or set aside because of insufficient evidence. [Citations.]" (*People v. Anderson* (2009) 47 Cal.4th 92, 104.) However, when a trial or appellate court concludes that there is insufficient evidence to support a conviction of a greater offense, it can reduce the conviction to a lesser included offense that is supported by the evidence. (Pen. Code, §§ 1181, subd. 6, 1260; *People v. Navarro* (2007) 40 Cal.4th 668, 675-678.)

"In some circumstances, double jeopardy bars a retrial even though no verdict has been rendered. Once jeopardy has attached, discharge of the jury without a verdict is tantamount to an acquittal and prevents a retrial, unless the defendant consented to the discharge or legal necessity required it. [Citations.]" (*Stone v. Superior Court* (1982) 31 Cal.3d 503, 516, fn. omitted.)

For example, in *People v. Ham* (1970) 7 Cal.App.3d 768, disapproved on other grounds in *People v. Compton* (1971) 6 Cal.3d 55, 60, footnote 3, the defendant was charged with three counts (armed robbery, assault with a deadly weapon, and attempted murder). (*Id.* at p. 773.) The jury reported that it could not reach a verdict. (*Id.* at p. 775.) When the trial court questioned the jurors, however, the foreman disclosed that

the jury had voted on only the first count. (*Id.* at pp. 775-776.) Nevertheless, the trial court discharged the jury. (*Id.* at p. 776.)

The appellate court held that double jeopardy barred a retrial on counts two and three. (*People v. Ham*, *supra*, 7 Cal.App.3d at p. 776.) "[S]ince each count was entitled to be severally and finally disposed of on its own merits, the fact that the jury was unable to agree upon a verdict as to count one and the trial judge was justified in declaring a mistrial as to that count because legal necessity required it, did not affect counts two and three upon which the jury had not yet deliberated. Therefore, when the jury in the present case was discharged without returning a verdict as to counts two and three, or without any legal necessity for such discharge, jeopardy attached to defendant as to counts two and three. [Citation.] Such discharge was equivalent to a verdict of acquittal as to those counts. [Citations.]" (*Ibid.*)

Here, the trial court instructed the jury on both arson of an inhabited structure and arson of property. The jury returned a verdict finding defendant guilty of arson of an inhabited structure. However, it did not return a verdict on the charge of arson of property. As we held in *Goolsby I*, and as is now the law of the case, arson of property is not a lesser included offense of arson of an inhabited structure; accordingly, the jury's verdict did not determine whether defendant was guilty of arson of property. The trial court should have had the jury return a verdict on this offense, but it did not. It follows that double jeopardy bars any retrial for arson of property.

The People argue that these principles do not apply because, in this case, the jury's failure to return a verdict on the lesser related offense was due to misinstruction. They

rely on cases holding that "the double jeopardy clause does not prohibit retrial after a reversal premised on error of law." (*People v. Garcia* (1984) 36 Cal.3d 539, 558, fn. 13; see also *Burks v. U.S.* (1978) 437 U.S. 1, 8-9.) Here, however, the *reversal* was not based on an error of law.[2] Rather, *the jury's failure to return a verdict on the lesser related offense* was due to an error of law. Significantly, *every* time the trial court grants a mistrial without legal necessity, the jury's failure to return a verdict is due to an error of law. (E.g., *Curry v. Superior Court* (1970) 2 Cal.3d 707, 713-715 [mistrial based on erroneous admission of evidence where evidence was properly admitted and/or did not necessitate a mistrial].) Nevertheless, double jeopardy bars a retrial on the unresolved charges.

The People also argue that defendant consented to the discharge of the jury. However, defendant did not affirmatively consent. At most, he failed to object; this is not sufficient to constitute consent to the discharge of a jury. (*People v. Compton*, *supra*, 6 Cal.3d at p. 63.) The People therefore argue that defendant effectively consented to the discharge by failing to "indicate his disagreement" with the erroneous jury instructions. But, this is still no more than a failure to object. Moreover, it is settled that a defendant has no duty to object to an erroneous jury instruction. (Pen. Code, § 1259.)

---

[2] The reversal was based on insufficiency of the evidence of the greater offense. As mentioned, a reversal based on insufficiency of the evidence bars any further prosecution for the same offense. (*Burks v. U.S.*, *supra*, 437 U.S. at p. 16.) However, it need not bar further prosecution for a lesser related offense, because that would not be the "same offense" for double jeopardy purposes. (See *U.S. v. Dixon* (1993) 509 U.S. 688, 696-697, 704; see *People v. Scott* (2000) 83 Cal.App.4th 784, 794-796.) Thus, our holding is not based on the fact that the reversal was for insufficiency of the evidence.

Finally, the People argue that allowing a retrial here would not entail the "harassment" or "oppressive practices" that the double jeopardy clause is intended to prevent. But double jeopardy principles also "protect the interest of an accused in retaining a chosen jury. That interest [has been] described . . . as a defendant's 'valued right to have his trial completed by a particular tribunal.' [Citation.] It is an interest with roots deep in the historic development of trial by jury in the Anglo-American system of criminal justice. Throughout that history there ran a strong tradition that once banded together a jury should not be discharged until it had completed its solemn task of announcing a verdict." (*Crist v. Bretz* (1978) 437 U.S. 28, 35-36, fns. omitted.) "Harassment of an accused by successive prosecutions or declaration of a mistrial so as to afford the prosecution a more favorable opportunity to convict are examples when jeopardy attaches. [Citation.] But those extreme cases do not mark the limits of the guarantee." (*Downum v. U.S.* (1963) 372 U.S. 734, 736.)

As already noted, we have the power to reduce the conviction to a lesser included offense of arson of an inhabited structure, provided it does not require the burning of a structure. However, we have not identified any such offense. In our original opinion, we concluded that arson of property is not a lesser included offense, for two reasons. First, the statutory definitions of "structure" and "property" are mutually exclusive. (Pen. Code, § 450, subds. (a), (c).) Second, arson of property cannot be committed by burning one's own property, absent either an intent to defraud or "injury to another person or another person's structure, forest land, or property" (Pen. Code, § 451, subd. (d)); however, there is no similar exception to arson of an inhabited structure. For the

8

identical reasons, the misdemeanor of unlawfully causing a fire of property (Pen. Code, § 452, subd. (d)) also is not a lesser included offense.

We therefore conclude that defendant cannot be retried for arson of property, nor for any of the lesser related offenses on which the jury was instructed.

## III

## DISPOSITION

The judgment is reversed. The trial court is directed that defendant cannot be retried on any of the lesser related offenses on which the jury was instructed.

CERTIFIED FOR PUBLICATION

McKINSTER
J.

We concur:


RAMIREZ
P. J.


CODRINGTON
J.

9