Filed 3/9/16  Certified for Publication 4/5/16 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE, | C079075 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF130003201) |
| v. | |
| KEVIN JAMES EAGLE, | |
| Defendant and Appellant. | |

Defendant Kevin James Eagle appeals following the trial court's denial of his motion to vacate his conviction for transporting methamphetamine.  He contends if the transportation was not for sale, his felony conviction for transportation should be reduced to a misdemeanor conviction for the lesser included offense of possession of methamphetamine.  The People concede that defendant is entitled to the benefits of the amendments to Health and Safety Code section 11379, but disagree as to the remedy.  Instead, the People argue the matter should be remanded to allow defendant the

1

opportunity to withdraw his plea and the People should be allowed to proceed on the original charges. We agree with the People and will remand the matter for further proceedings.

FACTS AND PROCEEDINGS

In August 2013, a police officer found defendant in possession of, and transporting, a usable amount of methamphetamine. Defendant initially fled from the officer before being detained.

A complaint charged appellant with: transporting methamphetamine (Health & Saf. Code, § 11379, subd. (a) - count 1; unless otherwise set forth, statutory references that follow are to the Health and Safety Code), possessing methamphetamine (§ 11377, subd. (a) - count 2), and resisting or obstructing a police officer (Pen. Code, § 148, subd. (a)(l) - count 3). The complaint also alleged enhancements for a prior drug conviction (§§ 11370.2, subd. (c)/11379, subd. (a)) and a prior prison term (Pen. Code, § 667.5, subd. (b)). In September 2013, defendant pleaded no contest to counts 1 and 3, and admitted the prior prison term enhancement. The trial court granted the People's motion and dismissed the remaining charges and allegations. The trial court suspended imposition of sentence and, pursuant to the plea agreement, placed defendant on three years' probation with various terms and conditions.

In March 2015, after the amendment of Health and Safety Code section 11379 and the passage of Proposition 47, defendant moved to vacate his felony conviction for transporting methamphetamine (§ 11379, subd. (a)) and replace it with a misdemeanor conviction for possessing methamphetamine (§ 11377, subd. (a)). The People responded, asserting that section 11379 was not covered by Proposition 47. Following argument, the trial court denied the motion.

2

DISCUSSION

At the time of defendant's conviction, section 11379, subdivision (a) provided that any person who "transports" specified controlled substances including methamphetamine shall be punished by imprisonment. (§ 11379; Stats. 2011, ch. 15, § 174.) The courts had interpreted the word "transports" to include transporting controlled substances for personal use. (*People v. Rogers* (1971) 5 Cal.3d 129, 134-135 (*Rogers*); *People v. Eastman* (1993) 13 Cal.App.4th 668, 673-677.) Effective January 1, 2014, after defendant's conviction, the Legislature amended section 11379 to define "transports" as meaning to transport for sale. (§ 11379, subd. (c); Stats. 2013, ch. 504, § 2.)

The amendment explicitly intended to criminalize the transportation of drugs for the purpose of sale and not the transportation of drugs for nonsales purposes such as personal use. (See Assem. Com. on Public Safety, Conc. in Sen. Amend., Analysis of Assem. Bill No. 721 (2013-2014 Reg. Sess.) as amended June 27, 2013, p. 3 [" 'This bill makes it expressly clear that a person charged with this felony must be in possession of drugs with the intent to sell. Under AB 721, a person in possession of drugs ONLY for personal use would remain eligible for drug possession charges. However, personal use of drugs would no longer be eligible for a SECOND felony charge for transportation' "].)

Generally, "where the amendatory statute mitigates punishment and there is no saving clause, the rule is that the amendment will operate retroactively so that the lighter punishment is imposed" if the amended statute takes effect before the judgment of conviction becomes final. (*In re Estrada* (1965) 63 Cal.2d 740, 744, 748 (*Estrada*).) Here, the People concede defendant's sentence was not final at the time the amendments to section 11379 took effect, as the trial court had suspended imposition of sentence and placed defendant on probation. The People also concede that because the judgment was not final, defendant is entitled to benefit retroactively from the changes to section 11379. On these points, we agree.

3

Defendant contends the application of the amended section 11379 transforms his conviction for transportation of methamphetamine for sale into a conviction "of the lesser-included offense of possession of methamphetamine." On this point, the People disagree, and so do we.

When a conviction is contrary to law, but the evidence shows that defendant is guilty of a lesser included offense, a court can reduce the conviction to the lesser included offense and affirm the judgment as modified. (Pen. Code, §§ 1181, subd. (6), 1260; *People v. Enriquez* (1967) 65 Cal.2d 746, 749; see also *People v. Navarro* (2007) 40 Cal.4th 668, 681.) Thus, we can only reduce the conviction to simple possession if it is a lesser included offense of transporting.

There are two ways of determining whether an offense is a lesser included offense—the statutory elements test or the accusatory pleading test. (*People v. Shockley* (2013) 58 Cal.4th 400, 404 (*Shockley*); *People v. Ramirez* (2009) 45 Cal.4th 980, 984-985; *People v. Birks* (1998) 19 Cal.4th 108, 117.) " 'Under the accusatory pleading test, if the facts actually alleged in the accusatory pleading include all of the elements of the lesser offense, the latter is necessarily included in the former.' [Citation.]" (*Shockley*, at p. 404.) However, this test does not apply where the accusatory pleading does not allege facts specific to the case, but rather states the offense alleged in the language of the statutory definition. (*Ibid.*) Here, no case-specific facts were alleged in the complaint. Because only the statutory language was alleged in the complaint, we are limited to using the statutory elements test to determine whether simple possession is a lesser offense of transportation. (*Ibid.*) Under the elements test, possession of methamphetamine is not a lesser included offense of transporting methamphetamine. (*Rogers, supra*, 5 Cal.3d at p. 134; *People v. Watterson* (1991) 234 Cal.App.3d 942, 947.)

Because simple possession of methamphetamine is not a lesser included offense of transporting methamphetamine, we cannot reduce defendant's conviction to simple possession. Moreover, even if simple possession were a lesser included offense, we

4

could not simply reduce the transportation conviction to simple possession. When a statutory amendment adds an additional element to an offense, the prosecution must be afforded the opportunity to establish the additional element upon remand. (*People v. Figueroa* (1993) 20 Cal.App.4th 65, 71-72, fn. 2 (*Figueroa*).) Such a retrial is not barred by the double jeopardy clause or ex post facto principles because the question of whether defendant transported the methamphetamine for sale was not relevant to the charges at the time of trial and accordingly, this question was never tried. (See *id.* at pp. 69-72 & fn. 2.) Accordingly, we must reverse defendant's conviction of transporting methamphetamine and remand the matter back to the trial court for further proceedings. (*Ibid.*)

DISPOSITION

Defendant's conviction for transporting methamphetamine is reversed and the matter is remanded for further proceedings consistent with this opinion.


      HULL      , J.


We concur:


    NICHOLSON, Acting P. J.


    DUARTE  , J.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>KEVIN JAMES EAGLE,<br><br>        Defendant and Appellant. | C079075<br><br>(Super. Ct. No. CRF130003201)<br><br>ORDER CERTIFYING OPINION FOR PUBLICATION |

APPEAL from a judgment of the Superior Court of Sacramento County.  Paul K. Richardson, J.  Reversed and remanded.

Michele A. Douglass, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Senior Assistant Attorney General, Carlos A. Martinez, Supervising Deputy Attorney General, Jeffrey D. Firestone, Deputy Attorney General for Plaintiff and Respondent.

THE COURT:

The opinion in the above-entitled matter filed on March 9, 2016, was not certified for publication in the Official Reports.  For good cause it now appears that the opinion should be published in the Official Reports and it is so ordered.

BY THE COURT:


    NICHOLSON    , Acting P. J.


    HULL    , J.


    DUARTE    , J.

2