Filed 1/23/18

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re D.N., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>                v.<br><br>D.N.,<br><br>        Defendant and Appellant. | F075019<br><br>(Super. Ct. No. JW132169-01)<br><br>**OPINION** |

APPEAL from an order of the Superior Court of Kern County.  William D. Palmer, Judge.

Stephanie L. Gunther, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Catherine Chatman and Michael Dolida, Deputy Attorneys General, for Plaintiff and Respondent.

–ooOoo–

## INTRODUCTION

A petition pursuant to Welfare and Institutions Code section 602 was filed on October 28, 2016, alleging D.N. committed two felonies: residential burglary (Pen. Code, § 460, subd. (a); count 1) and theft of a vehicle (Veh. Code, § 10851, subd. (a); count 2). At the conclusion of a contested jurisdiction hearing that began on November 22, 2016, and concluded on November 29, 2016, the juvenile court found both allegations to be true. The People, however, presented no proof of the value of the stolen vehicle. At the disposition hearing on December 13, 2016, the juvenile court exercised its discretion and found the vehicle theft to be a felony. The court committed D.N. to the Pathways Academy and set her terms of probation.

The California Supreme Court recently issued its opinion in *People v. Page* (2017) 3 Cal.5th 1175 (*Page*), holding that to constitute a felony theft under Vehicle Code section 10851 there must be proof the stolen vehicle had a value exceeding $950. (*Page*, at pp. 1180–1183.) The high court resolved the issue of whether the value of the stolen vehicle must be shown for the offense to be a felony. Because Penal Code section 490.2 was the law of this state for nearly two years prior to D.N.'s offense, and for more than two years at the time of the jurisdiction hearing, we reject the People's argument the matter should be remanded for further evidence on the issue of the value of the car. Under the facts of this case, we conclude a remand for additional evidence would violate double jeopardy principles.

## FACTS

Trinie Gonzalez went to sleep in her home between 8:30 and 9:00 p.m. on October 26, 2016. She awoke to the sound of her house alarm and a light shining into her room. Gonzalez discovered her television set was missing. It was later returned by the police. Gonzalez's neighbor, Mitchell Castillo, had a video surveillance system. Video from that evening showed a male and female enter into Gonzalez's home through a window before leaving in a car.

Bakersfield police officer Anthony Flores stopped a car one block from Gonzalez's home. Jesus Aleman was driving and D.N. was a passenger. Officer Jeremy Wolter testified the female in the video from Castillo's surveillance system was D.N. Wolter also identified the vehicle in the video as the same one he and Flores stopped. After giving D.N. *Miranda* warnings (*Miranda v. Arizona* (1966) 384 U.S. 436), she admitted taking her mother's vehicle without her mother's knowledge and picking up Aleman. Wolter recovered Gonzalez's television from D.N.'s home. D.N.'s mother told Wolter her daughter did not have permission to use the car.

D.N. testified she did not drive or take her mother's car because it is a stick shift and she cannot drive a car with a stick shift. D.N. said she only told Wolter that she took the car so they would give it back to D.N.'s mother without impounding it. D.N. explained her mother gave Aleman permission to borrow the car. D.N. did not go with Aleman in her mother's car until after he returned with the television. D.N. denied any involvement in the burglary.

## DISCUSSION

D.N.'s appellate counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436. On July 19, 2017, we issued an order for the parties to brief whether the People failed to demonstrate the stolen vehicle had a value exceeding $950 pursuant to Proposition 47—the Safe Neighborhoods and Schools Act approved by the voters in 2014—and Penal Code section 490.2. The minor's counsel argues the People failed to establish a value of the stolen vehicle that would make the offense a grand theft. The People reply that Vehicle Code section 10851 does not come within the ambit of Proposition 47 or Penal Code section 490.2, and even if it does, the People should be permitted to retry D.N. to prove the value of the stolen vehicle.

In *Page*, *supra*, 3 Cal.5th 1175, the California Supreme Court held the theft of a vehicle as proscribed by Vehicle Code section 10851 came within the purview of Proposition 47 and Penal Code section 490.2. The People, therefore, must prove the

3.

value of the stolen vehicle exceeds $950 to constitute a felony. (*Page*, at pp. 1180–1183.)

> "By its terms, Proposition 47's new petty theft provision, section 490.2, covers the theft form of the Vehicle Code section 10851 offense. As noted, section 490.2, subdivision (a), mandates misdemeanor punishment for a defendant who 'obtain[ed] any property by theft' where the property is worth no more than $950. An automobile is personal property. 'As a result, after the passage of Proposition 47, an offender who obtains a car valued at less than $950 *by theft* must be charged with petty theft and may not be charged as a felon under any other criminal provision.' (*People v. Van Orden* (2017) 9 Cal.App.5th 1277, 1288, review granted June 14, 2017, S241574 ….)" (*Page*, *supra*, 3 Cal.5th at p. 1183.)

There is no dispute the prosecutor failed to prove the value of the vehicle D.N. had stolen exceeded $950. The *Page* decision is dispositive of this issue. (See *Auto Equity Sales*, *Inc*. *v*. *Superior Court* (1962) 57 Cal.2d 450, 455.)

Relying only on *People v*. *Eagle* (2016) 246 Cal.App.4th 275, 280, and with little further argument, the People contend they must be allowed to retry D.N. to prove the value of the stolen vehicle. In August 2013, Eagle was arrested and in September 2013, he pled no contest to transportation of methamphetamine (Health & Saf. Code, § 11379, subd. (a)). (*Eagle*, *supra*, at pp. 277–278.) Eagle was arrested and convicted prior to the Legislature amending the transportation statute effective January 1, 2014, to require transportation of methamphetamine for the purpose of sale. Transportation of methamphetamine for personal use was no longer sufficient. (*Id.* at p. 278.) After the passage of Proposition 47, Eagle petitioned to have his felony conviction reduced to a misdemeanor. (*Eagle*, at p. 278.) Citing *People v. Figueroa* (1993) 20 Cal.App.4th 65, 71–73, the court in *Eagle* held that when a statutory amendment adds an additional element to an offense, the prosecution must be afforded an opportunity to establish the additional element upon remand, and this retrial is not barred by the double jeopardy clause or ex post facto clauses. (*Id.* at p. 280.)

4.

In *People v. Figueroa*, *supra*, 20 Cal.App.4th 65, Figueroa was convicted in September 1991, for drug offenses committed the prior April. A three-year enhancement was added to Figueroa's sentence for drug trafficking near schoolyards. (*Id.* at pp. 68–69.) Effective January 1, 1992, while Figueroa's appeal was pending, the Legislature revised the drug trafficking enhancement to include the element that the school be in session or at any time when minors were using the school facilities. The court in *Figueroa* held the additional element applied retroactively to cases not yet final and the defendant was entitled to the benefit of the change in the law. (*Id.* at pp. 69–70.)

On the question of whether the People could retry him because of the change in the law, Figueroa argued it would violate ex post facto principles. The *Figueroa* court disagreed, noting remand for the People to prove the newly added element to the enhancement violated neither double jeopardy nor ex post facto because "[t]he issue of whether school was in session or that minors were using the facility during the crime was not relevant at the time of trial and the issue was therefore never tried." (*People v. Figueroa*, *supra*, 20 Cal.App.4th at p. 72, fn. 2.) Double jeopardy forbids retrial after a reversal due to insufficient evidence to support the verdict. Where the prosecution makes its case under the law as it stood at trial, double jeopardy is not implicated as it would otherwise be where there is evidentiary insufficiency. (*People v. Shirley* (1982) 31 Cal.3d 18, 71; see *Burks v. United States* (1978) 437 U.S. 1, 11–15 [retrial permitted for procedural error where evidentiary insufficiency not implicated].)

The flaw in the People's argument for a remand on the value of the stolen vehicle is that the law changed nearly two years before D.N. committed her offenses, and over two years from the date of the contested jurisdiction hearing. Proposition 47 and Penal Code section 490.2 were effective on November 5, 2014. (*People v. Valencia* (2017) 3 Cal.5th 347, 368.) Penal Code section 490.2 mandated proof of value in excess of $950 for theft of property to constitute a felony. The prospective aspect of this change in the

law applied to all offenses occurring on November 5, 2014, and thereafter.**1** (Pen. Code, § 3; see *People v. Conley* (2016) 63 Cal.4th 646, 657–659.)

The People were thus on notice as of November 5, 2014, that vehicle theft under Vehicle Code section 10851 was to be a misdemeanor unless the value of the stolen vehicle exceeded $950. As noted in footnote 1, *ante*, there were conflicting published opinions from courts of appeal concerning whether Proposition 47 and Penal Code section 490.2 applied to Vehicle Code section 10851 thefts. The Supreme Court granted review on two cases with conflicting holdings, *Ortiz* and *Johnston*, many months before D.N.'s adjudication hearing.

The People should have been well aware the value of the stolen vehicle was relevant on whether the offense was a felony. The People chose instead to gamble, and lost their bet, that the Supreme Court would find Vehicle Code section 10851 outside the ambit of Proposition 47 and Penal Code section 490.2. Unlike amendments to the statutes analyzed in *People v. Figueroa* and *People v. Eagle* that took effect well after the defendants were convicted and later given retroactive effect during the defendants' appeals, Penal Code section 490.2 had been the law for more than two years prior to D.N.'s jurisdiction hearing. The People were on notice of the relevant change in the law and are not, therefore, entitled to retry D.N. to prove the value of the stolen vehicle. To permit retrial on this point would violate double jeopardy. (*People v. Shirley*, *supra*, 31 Cal.3d at p. 71; *Burks v. United States*, *supra*, 437 U.S. at pp. 14–15; see *In re Dennis B.* (1976) 18 Cal.3d 687, 691 [double jeopardy applies to juvenile offense adjudication

---

**1**One appellate decision filed on January 8, 2016, held theft of a vehicle not exceeding $950 was petty theft after the passage of Proposition 47. (*People v. Ortiz* (2016) 243 Cal.App.4th 854, review granted Mar. 16, 2016, S232344) (*Ortiz*).) Other decisions, including *People v. Sauceda* (2016) 3 Cal.App.5th 635, review granted November 30, 2016, S237975, from this court, held Proposition 47 did not apply to Vehicle Code section 10851. (*People v. Johnston* (2016) 247 Cal.App.4th 252, review granted July 13, 2016, S235041) (*Johnston*).) The *Sauceda* and *Johnston* decisions were expressly disapproved by *Page*. (*Page*, *supra*, 3 Cal.5th at p. 1187, fn. 4.)

proceedings].)  Due to the People's failure to prove the value of the stolen vehicle exceeded $950, D.N.'s adjudication for felony theft of a vehicle pursuant to Vehicle Code section 10851 is reduced to a misdemeanor.

## DISPOSITION

D.N.'s adjudication for felony theft of a vehicle pursuant to Vehicle Code section 10851 is reduced to a misdemeanor.  The case is remanded to the juvenile court for the court to amend its minute orders from the jurisdiction and disposition hearings to reflect D.N.'s adjudication in count 2 is a misdemeanor.  The remaining orders of the juvenile court are affirmed.

 

_____

PEÑA, Acting P.J.

WE CONCUR:


_____

SMITH, J.


_____

MEEHAN, J.