Filed 4/26/18; On remand

**CERTIFIED FOR PUBLICATION**


IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT


| | |
|---|---|
| In re J.R., a Person Coming Under the Juvenile Court Law. | H043051<br>(Santa Clara County<br>Super. Ct. No. 3-14-JV-40959) |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>J.R.,<br><br>        Defendant and Appellant. | |


The Santa Clara County District Attorney alleged in a Welfare and Institutions Code section 602, subdivision (a) petition that J.R., a minor, had committed burglary (Pen. Code, §§ 459-460, subd. (a))[1], attempted to unlawfully drive or take a vehicle without the owner's consent (Veh. Code, § 10851, subd. (a)), and possessed burglary tools (§ 466). After a contested jurisdictional hearing, the juvenile court found true the allegations that the minor had attempted to violate Vehicle Code section 10851, subdivision (a) and had violated section 466. At the dispositional hearing, the juvenile court continued the minor as a ward of the court and placed him on probation.

On appeal, the minor contends there was insufficient evidence to sustain the allegation that he attempted to drive or take a vehicle without the owner's consent (Veh. Code, § 10851, subd. (a)). Alternatively, he maintains that the offense must be

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

reduced to a misdemeanor pursuant to Proposition 47, the Safe Neighborhoods and Schools Act (Cal. Const., art. II, § 10, subd. (a)) (Proposition 47). The minor also argues that the juvenile court committed prejudicial evidentiary error in admitting certain testimony.

This matter has been transferred here from the Supreme Court *In re J.R.* (S241246) with directions to vacate our previous decision and to reconsider the case in light of *People v. Page* (2017) 3 Cal.5th 1175 (*Page*). In our earlier opinion, we affirmed. Among other things, we concluded that Proposition 47 did not apply to Vehicle Code section 10851. Our Supreme Court held otherwise in *Page*.

We hereby vacate our previous decision. Having reconsidered the cause in light of *Page*, we reverse and remand with directions.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

### A.     *Welfare and Institutions Code Section 602, subdivision (a) Petition*

The Santa Clara County District Attorney filed a Welfare and Institutions Code section 602, subdivision (a) wardship petition on September 9, 2015. It alleged that the minor committed felony first degree burglary (§§ 459-460, subd. (a); count 1) of an occupied residence (§ 667.5, subd. (c)(21)), felony attempted theft or unauthorized use of a vehicle (§ 664; Veh. Code, § 10851, subd. (a); count 2), and possession of burglar's tools (§ 466; count 3).

### B.     *Jurisdictional Hearing*

The court held a two-day contested jurisdictional hearing, at which the following evidence was adduced.

Jamie Martinez shared a Sunnyvale apartment with her three children, her boyfriend, and his brother Alexis Ayala. At about 4:30 a.m. on September 8, 2015, Martinez woke up and heard what sounded like someone removing the screen from her open bedroom window. She smelled cigarettes but did not see anything because the

2

blinds were closed. She slammed the window closed without looking out because she was scared and went back to sleep.

Ayala also heard someone removing the screen from his bedroom window in the early hours of September 8, 2015. He recognized the noise because it had happened to him previously. He yelled and stuck his head out the window. No one was there but the screen was missing. Ayala called 9-1-1.

Sean Mula, a Sunnyvale police officer, responded to Ayala's call. He observed that the screens to the bedroom windows had been removed and were sitting on the ground outside.

Ayala woke his brother and Martinez when Mula arrived. Martinez told Mula what she had observed earlier that morning. While Mula was present, Martinez realized that her iPhone, which had been on the window sill, was missing.

Emmett Larkin, a Sunnyvale police lieutenant, testified that he responded to a call regarding a residential burglary at about 4:30 a.m. on September 8, 2015. As he approached the area of the reported burglary, he observed an individual standing on the sidewalk in the shadows of a tree, which he considered suspicious. Larkin exited his vehicle to contact the individual. As he approached, he observed a second person, J.C., kneeling on the sidewalk with his torso leaning into the open driver's door of a dark-colored Honda Accord. Larkin ordered the individuals to get on the ground and show him their hands. As they complied, Larkin noticed a third person in the car's rear passenger seat and saw that the rear passenger side door was open as well. That third individual, whom Larkin identified in court as the minor, also complied with the order to get to the ground.

Larkin opined that the first individual he had observed was acting as a lookout. That individual smelled of cigarettes and was found in possession of Martinez's iPhone.

Backup arrived, including Officer Corinne Abernathy, who searched the minor with his consent. She found a screwdriver and a roll of coins in his pockets and a box of

3

latex gloves and binoculars in his backpack. Abernathy testified that screwdrivers, gloves, and binoculars are typical burglary tools that can be used to break in to a vehicle or home. After searching the minor, Abernathy spoke to him about the incident. He told her he and two friends were hanging out and smoking cigarettes. While they were walking, he noticed that the Honda was unlocked. He took the roll of coins and screwdriver he was carrying from that vehicle. Unprompted, the minor told Abernathy that he did not intend to steal the car.

Alfredo Rivera testified that he drove a dark blue 1991 Honda Accord, which he parked outside his home on the evening of September 7, 2015 with the doors locked and windows closed. Rivera was in the process of buying the car from his cousin for $600. He had paid $300 as of September 7, 2015. The vehicle's title remained in his cousin's name. On the morning of September 8, 2015, police officers knocked on his door and informed him that his car had apparently been broken into. Rivera inspected the car with the officers. The passenger side windows were partially rolled down, and one would not roll back up all the way as it previously had. The rear passenger window was rolled down several inches. There was no damage to the door handles or any other obvious signs of forced entry. The steering column panel was detached and wires were exposed. The car would not start. Rivera had not previously had any issues starting the vehicle. Rivera testified that he did not leave latex gloves or a screwdriver in the car.

Sunnyvale police detective Karin Jenks testified that she interviewed the minor on the morning of September 8, 2015. The prosecutor asked Jenks whether she "had experience with minors being dishonest" with her. When Jenks responded that she did, the prosecutor asked her to describe that experience. Defense counsel objected on relevance grounds. The court allowed Jenks to answer, stating "I don't know. I'm going to hear the answer, and I'll give it whatever weight it deserves." Jenks responded that minors who are lying generally remain calm, fidget, don't show a lot of emotion, hesitate to answer, and look up, "as if trying to come up with the right answer."

4

Jenks testified that, as reflected in her report, she told the minor she thought he was being dishonest. She reached that conclusion because the minor hesitated to answer her questions, fidgeted, and said "I don't remember." Jenks further testified that the minor's behavior during the interview was consistent with that of other minors she had interviewed who she thought were being dishonest. Jenks did not describe the substance of what the minor told her during the interview.

At the conclusion of the contested jurisdictional hearing, the court sustained the petition as to count 2, attempted unlawful driving or taking of a vehicle, on an aider and abettor theory of liability. The court reasoned that the minor's presence in the car gave "comfort and assistance to" and "encourage[d]" the juvenile in the front seat (J.C.), who was trying to hot wire the vehicle. The court exercised its discretion and found the attempted unlawful driving or taking of a vehicle to be a felony. The court also sustained the petition as to count 3 (possession of burglary tools), but not as to count 1 (residential burglary).

### C. Disposition and Appeal

At a November 23, 2015 dispositional hearing, the juvenile court continued the minor as a ward of the court[2] and placed him on probation. The minor timely appealed.

## II. DISCUSSION

### A. Sufficiency of the Evidence

The minor contends there was insufficient evidence to support the court's finding that he aided and abetted an attempted violation of Vehicle Code section 10851, subdivision (a) for three reasons: (1) there is insufficient evidence that he shared J.C.'s intent to drive or take the vehicle, (2) there is insufficient evidence that he did anything to assist in the attempt to drive or take the vehicle, and (3) there is insufficient evidence to establish lack of consent to take the vehicle.

---

[2] The minor had previously been declared a ward on May 15, 2015 for unrelated conduct.

*1.    Legal Principles*

*a.    Vehicle Code Section 10851*

Vehicle Code section 10851, subdivision (a) provides, in relevant part:  "Any person who drives or takes a vehicle not his or her own, without the consent of the owner thereof, and with intent either to permanently or temporarily deprive the owner thereof of his or her title to or possession of the vehicle, whether with or without intent to steal the vehicle, or any person who is a party or an accessory to or an accomplice in the driving or unauthorized taking or stealing, is guilty of a public offense . . . ."

Vehicle Code section 10851, subdivision (a), " 'proscribes a wide range of conduct,' " including " 'taking a vehicle with the intent to steal it [and] driving it with the intent only to temporarily deprive its owner of possession (i.e., joyriding).' " (*People v. Garza* (2005) 35 Cal.4th 866, 876 (*Garza*).)  "Unlawfully *taking* a vehicle with the intent to permanently deprive the owner of possession is a form of theft, and . . . a defendant convicted under [Vehicle Code] section 10851[, subdivision] (a) of unlawfully *taking* a vehicle with the intent to permanently deprive the owner of possession has suffered a theft conviction . . . .  On the other hand, unlawful *driving* of a vehicle is not a form of theft when the driving occurs or continues after the theft is complete . . . .  Therefore, a conviction under [Vehicle Code] section 10851[, subdivision] (a) for posttheft driving [or joyriding] is not a theft conviction . . . ." (*Id*. at p. 871.)

"By its terms, [Vehicle Code] section 10851 is a 'wobbler' offense that may be punished as either a felony or a misdemeanor." (*People v. Gutierrez* (2018) 20 Cal.App.5th 847, 853 (*Gutierrez*).)

*b.    Aiding and Abetting*

"[A] person who aids and abets a crime is guilty of that crime even if someone else committed some or all of the criminal acts." (*People v. McCoy* (2001) 25 Cal.4th 1111, 1117.)  "[A] person aids and abets the commission of a crime when he or she, acting with (1) knowledge of the unlawful purpose of the perpetrator; and (2) the intent or

6

purpose of committing, encouraging, or facilitating the commission of the offense, (3) by act or advice aids, promotes, encourages or instigates, the commission of the crime." (*People v. Beeman* (1984) 35 Cal.3d 547, 561.) "Thus, proof of aider and abettor liability requires proof in three distinct areas: (a) the direct perpetrator's actus reus—a crime committed by the direct perpetrator, (b) the aider and abettor's mens rea—knowledge of the direct perpetrator's unlawful intent and an intent to assist in achieving those unlawful ends, and (c) the aider and abettor's actus reus—conduct by the aider and abettor that in fact assists the achievement of the crime." (*People v. Perez* (2005) 35 Cal.4th 1219, 1225.) "[N]either presence at the scene of a crime nor knowledge of, but failure to prevent it, is sufficient to establish aiding and abetting its commission. [Citations.] However, '[a]mong the factors which may be considered in making the determination of aiding and abetting are: presence at the scene of the crime, companionship, and conduct before and after the offense.' " (*People v. Campbell* (1994) 25 Cal.App.4th 402, 409.)

### c. *Standard of Review*

" 'The standard of proof in juvenile proceedings involving criminal acts is the same as the standard in adult criminal trials. [Citation.]' [Citation.] 'In considering the sufficiency of the evidence in a juvenile proceeding, the appellate court "must review the whole record in the light most favorable to the judgment below to determine whether it discloses substantial evidence—such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt. We must presume in support of the judgment the existence of every fact the trier of fact could reasonably deduce from the evidence [citation] and we must make all reasonable inferences that support the finding of the juvenile court. [Citation.]" ' [Citation.] Substantial evidence is 'evidence which is reasonable, credible, and of solid value . . . .' [Citation.]" (*In re Gary F.* (2014) 226 Cal.App.4th 1076, 1080.)

7

2.	*Substantial Evidence Supports the Finding That the Minor Aided and Abetted an Attempted Violation of Vehicle Code Section 10851, Subdivision (a)*

Viewing the evidence in the light most favorable to the judgment, as we must, sufficient evidence supported the juvenile court's finding that the minor aided and abetted the attempted unlawful driving or taking of the car.

The evidence showed that the minor was found in the rear passenger seat of the Honda while J.C. tried to hot wire the car.  There was evidence that the rear passenger window had been forced open.  And the minor was found in possession of burglary tools, which Officer Abernathy testified could be used to break into a vehicle.  The foregoing evidence gives rise to the reasonable inferences that the minor broke into the car through the rear passenger window and opened the driver's door for J.C., thereby giving him access to the steering column and ignition for purposes of hot wiring the vehicle.  Accordingly, there is sufficient evidence that the minor acted to aid in the attempted commission of the crime by providing J.C. with access to the car's interior.

With respect to the requisite mens rea, there was sufficient circumstantial evidence from which the juvenile court could reasonably infer the minor had knowledge of and shared in J.C.'s intent.  (*People v. Thomas* (2011) 52 Cal.4th 336, 355 ["Mental state and intent are rarely susceptible of direct proof and must therefore be proven circumstantially"].)  As discussed above, the evidence supports the inference that the minor broke into the vehicle through the rear passenger-side window and opened the driver's door for J.C.  That the minor gave J.C. direct access to the steering column and ignition and remained in the vehicle while J.C. attempted to hot wire the vehicle supports the further inference that the minor knew of and shared in J.C.'s intent to drive or take the vehicle.

Finally, there was sufficient evidence to establish the minors lacked the Honda's owner's consent to drive or take the vehicle.  The minor contends Rivera's testimony that he did not give the minors consent to take the vehicle was insufficient to establish that

8

element of the crime because he did not qualify as the Honda's owner. According to the minor, Vehicle Code section 460's definition of "owner" applies to Vehicle Code Section 10851, subdivision (a). Vehicle Code section 460 defines "owner" as "a person having all the incidents of ownership, including the legal title of a vehicle whether or not such person lends, rents, or creates a security interest in the vehicle; the person entitled to the possession of a vehicle as the purchaser under a security agreement . . . ." The minor argues that Rivera was not the Honda's "owner" because legal title was in his cousin's name and there was no security agreement.

We need not decide whether Rivera qualified as the Honda's owner because, wholly apart from his testimony, there was sufficient circumstantial evidence to create the reasonable inference that the minors were attempting to take the vehicle without the owner's consent. The minors gained access to the vehicle by tampering with the windows. They did so under cover of darkness at 4:30 a.m., while one of them—who had just stolen an iPhone from a residence—operated as a lookout. Once inside, the minor admittedly stole coins while J.C. tampered with the steering column and wiring in an apparent attempt to hot wire the vehicle. As a result of the minors' actions, the vehicle would not start and one window would not roll up. The juvenile court could reasonably have inferred from the foregoing circumstances that the minors lacked the owner's consent to drive the vehicle.

**B.** *Admissibility of Detective Jenks's Testimony*

The minor contends the admission of Detective Jenks's testimony opining that he was dishonest with her was an abuse of discretion because that testimony was irrelevant. He further contends the admission of the challenged testimony violated his federal due process rights by invading the province of the juvenile court as fact-finder.

*1. The Due Process Challenge is Forfeited*

The People maintain the minor forfeited his due process challenge by failing to assert it below. The minor argues his relevance objection was sufficient to preserve the

9

due process argument. Alternatively, he contends objecting on due process grounds would have been futile.

New constitutional arguments are not forfeited on appeal where they "do not invoke facts or legal standards different from those the trial court itself was asked to apply, but merely assert that the trial court's act or omission, insofar as it was wrong for the reasons actually presented to that court, had the additional *legal consequence* of violating the federal Constitution." (*People v. Avila* (2006) 38 Cal.4th 491, 527, fn. 22.) So long as "the trial objection fairly informs the court of the analysis it is asked to undertake," the objecting party need not "inform the court that it believes error in overruling the actual objection would violate due process." (*People v. Partida* (2005) 37 Cal.4th 428, 437 (*Partida*).) Here, the minor objected to Jenks's testimony as irrelevant. Now, he says it invaded the fact-finder's province to determine credibility. That "different theory for exclusion than he asserted [below] . . . is not cognizable" on appeal. (*Id*. at pp. 438-439, 435 ["A party cannot argue the court erred in failing to conduct an analysis it was not asked to conduct"].)

The minor contends that because the trial court overruled his objection to Jenks's testimony on relevance grounds, opting "to hear the answer[] and . . . give it whatever weight it deserves," an objection on due process grounds would have been futile. We disagree. The overruling of an objection on one ground does not demonstrate that an objection to the same evidence on a different ground would have been futile. (See, e.g., *People v. Valdez* (2012) 55 Cal.4th 82, 138-139 ["Nor is defendant correct in asserting that, because the trial court overruled the objections defense counsel did make, an objection under Evid. Code, § 352 would have been futile"]; *People v. Demetrulias* (2006) 39 Cal.4th 1, 31, fn. 8 [no showing that objection would have been futile where previous objections were overruled "on different, if somewhat related, points"].) Nor does the court's reaction to the relevance objection—choosing to hear the evidence and give it the weight it deserves—indicate it would have been futile to object to Jenks's

10

testimony on due process grounds. Accordingly, we conclude the due process argument was not preserved for appeal.

### 2. Counsel Was Not Ineffective for Failing to Object on Due Process Grounds

The minor argues, in the alternative, that counsel was ineffective in failing to object below on due process grounds. "Under both the Sixth Amendment to the United States Constitution and article I, section 15, of the California Constitution, a criminal defendant has the right to the assistance of counsel." (*People v. Ledesma* (1987) 43 Cal.3d 171, 215.) To prevail on a claim of ineffective assistance of counsel, a criminal defendant must establish both that his counsel's performance was deficient and that he suffered prejudice. (*Strickland v. Washington* (1984) 466 U.S. 668, 687 (*Strickland*).) The deficient performance component of an ineffective assistance of counsel claim requires a showing that "counsel's representation fell below an objective standard of reasonableness" "under prevailing professional norms." (*Id.* at p. 688.) With respect to prejudice, a defendant must show "there is a reasonable probability"—meaning "a probability sufficient to undermine confidence in the outcome"—"that, but for counsel's unprofessional errors, the result of the proceeding would have been different." (*Id.* at p. 694.) We "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." (*Id.* at p. 697.)

Turning immediately to the prejudice prong, we consider whether there is a reasonable probability that the result of the proceeding would have been different had Jenks's testimony been excluded. As to the attempted violation of Vehicle Code section 10851, subdivision (a), the minor's theory of prejudice is that, absent Jenks's testimony, the juvenile court would have credited his unprompted statement to Abernathy that he did not intend to steal the vehicle and, thus, would not have sustained the petition

11

as to attempted unlawful driving or taking of a vehicle. There is no reasonable probability that the juvenile court would have credited the minor's self-serving statement if Jenks's testimony as to his veracity had been excluded. At the time the minor made the statement, he had a powerful motive to lie. And, as discussed above, significant circumstantial evidence supported the conclusion that the minor intended to aid J.C. in driving or taking the car. More significantly, Vehicle Code section 10851 can be violated "with or without intent to steal the vehicle." (Veh. Code, § 10851, subd. (a).) Accordingly, the minor's statement was not exonerating, as intent to joyride rather than steal is sufficient to violate Vehicle Code section 10851. (*Garza*, *supra*, 35 Cal.4th at p. 876.)

With respect to possession of burglary tools, the minor contends the admission of Jenks's testimony was prejudicial because her opinion as to his credibility cast doubt on his statement to Abernathy that he stole the screwdriver from the Honda. But the minor offered no explanation for his possession of latex gloves and binoculars. Given the minor's admission to stealing and unexplained possession of latex gloves and binoculars, even if Jenks's testimony had been excluded and the court credited the minor's statement that he stole the screwdriver, there is no reasonable probability that the court would not have sustained the petition as to the possession of burglary tools count.

For the foregoing reasons, we conclude the minor cannot establish ineffective assistance of counsel.

### 3.     *Assumed State Law Error in Admitting Testimony Was Harmless*

We shall assume Jenks's testimony was irrelevant such that it was state law error to admit it. Nevertheless, reversal is not warranted because, for the reasons discussed above, it is not reasonably probable that a result more favorable to the minor would have been reached in the absence of Jenks's testimony. (*People v. Watson* (1956) 46 Cal.2d 818, 837; *People v. Ocegueda* (2016) 247 Cal.App.4th 1393, 1407, fn. 4 ["the *Watson* standard . . . is substantially the same as the prejudice prong of *Strickland*"].)

12

### C.     Page *and the Proper Disposition*

The minor maintains the juvenile court erred in deeming the attempted violation of Vehicle Code section 10851, subdivision (a) to be a felony and requests that we reduce it to a misdemeanor without remand.  The Attorney General acknowledges that the felony adjudication cannot stand, but seeks either "remand . . . to the juvenile court to make appropriate findings regarding appellant's intent," apparently without further hearing, or remand "for a new jurisdictional hearing on the Vehicle Code section 10851 charge if the People in good faith believe that a felony can be proved."

#### 1.     *Proposition 47 and* Page

On November 4, 2014, California voters enacted Proposition 47 (the Safe Neighborhoods and Schools Act), which designates as misdemeanors certain drug- and theft-related offenses that previously were felonies or wobblers.  (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1091.)  For example, Proposition 47 added section 490.2 to the Penal Code.  It provides:  "Notwithstanding Section 487 or any other provision of law defining grand theft, obtaining any property by theft where the value of the money, labor, real or personal property taken does not exceed nine hundred fifty dollars ($950) shall be considered petty theft and shall be punished as a misdemeanor . . . ."  (§ 490.2, subd. (a).)

The minor committed his crime on September 8, 2015, after Proposition 47 went into effect.  Prior to his jurisdictional hearing, which took place over two days in September and October of 2015, no court of appeal had issued a published opinion addressing whether Proposition 47 applied to Vehicle Code section 10851.[3]  *People v. Page* (2015) 241 Cal.App.4th 714, review granted January 27, 2016, S230793 was issued on October 23, 2015, the second day of the minor's jurisdictional hearing; it held that Proposition 47 did not apply to Vehicle Code section 10851.  It was the only published

---

[3] Citing to unpublished opinions, the minor notes that a number of defendants had argued that Proposition 47 applied to Vehicle Code section 10851 by September 2015.

13

appellate court decision on point at the time of the November 23, 2015 dispositional hearing.

Thereafter, "courts of appeal disagreed whether Penal Code section 490.2 applied to vehicle theft under section 10851, that is, whether a theft conviction under section 10851 could continue to be punished as a felony regardless of the value of the vehicle or whether it must be punished as a misdemeanor if the vehicle's value did not exceed $950." (*Gutierrez*, *supra*, 20 Cal.App.5th at p. 854.) In *Page*, our Supreme Court resolved the issue, holding that "Proposition 47's new petty theft provision, section 490.2, covers the theft form of the Vehicle Code section 10851 offense" such that "obtaining an automobile worth $950 or less by theft constitutes petty theft under section 490.2 and is punishable only as a misdemeanor, regardless of the statutory section under which the theft was charged." (*Page*, *supra*, 3 Cal.5th at pp. 1183, 1187.) Accordingly, after the passage of Proposition 47, a violation of Vehicle Code section 10851, subdivision (a) may be deemed a felony only if (1) it was based on nontheft driving or (2) it was based on theft of a vehicle worth more than $950.

## 2. *The Parties' Positions*

The parties agree that the minor's felony adjudication for violating Vehicle Code section 10851 cannot stand because it is not clear from the record whether the adjudication was theft-based or nontheft-based and the People neither alleged nor proved that the value of the car exceeded $950. But they dispute the appropriate disposition. The minor requests that we reduce the violation to a misdemeanor and do not permit the People to retry him for felony attempted unlawful driving or taking a vehicle. He relies on *In re D.N.* (2018) 19 Cal.App.5th 898 (*D.N.*), another post-Proposition 47, pre-*Page* juvenile case. There, the minor appealed from a juvenile adjudication for a felony theft violation of Vehicle Code section 10851. Because no evidence of the vehicle's value had been introduced, the felony adjudication was unsupported by substantial evidence. The court of appeal declined the People's request for a new jurisdictional hearing to prove the

14

value of the vehicle on double jeopardy grounds, reasoning that despite the "conflicting published opinions from courts of appeal concerning whether Proposition 47 and Penal Code section 490.2 applied to Vehicle Code section 10851 thefts," "[t]he People should have been well aware the value of the stolen vehicle was relevant on whether the offense was a felony." (*D.N.*, *supra*, at p. 903.) In reaching that conclusion, the court noted that "[t]he Supreme Court granted review on two cases with conflicting holdings" regarding the application of Proposition 47 to Vehicle Code section 10851 in March and July of 2016, "many months before D.N.'s" November 2016 contested jurisdictional hearing and December 2016 dispositional hearing. (*D.N.*, *supra*, at pp. 900, 903 & fn. 1.)

The Attorney General requests either remand for the court to make further findings or for a new jurisdictional hearing on the Vehicle Code section 10851 charge if the People determine a felony can be proved. The Attorney General relies on *Gutierrez*, which involved an appeal following a jury trial. There, the court of appeal concluded that "the problem with Gutierrez's felony conviction is not the sufficiency of the evidence but jury instructions that failed to adequately distinguish among, and separately define the elements for, each of the ways in which [Vehicle Code] section 10851 can be violated." (*Gutierrez*, *supra*, 20 Cal.App.5th at p. 857.) Specifically, the "instructions . . . allowed the jury to convict Gutierrez of a felony violation of [Vehicle Code] section 10851 for stealing the rental car, even though no value was proved—a legally incorrect theory—or for a nontheft taking or driving offense—a legally correct one." (*Ibid*.) Because the court could not "say whether Gutierrez was convicted under a legally valid nontheft theory or a legally invalid theory of vehicle theft that did not include as an element the value of the stolen car," it "reverse[d] the felony conviction for unlawful driving or taking a vehicle and remand[ed] the matter to allow the People either to accept a reduction of the conviction to a misdemeanor or to retry the offense as a felony with appropriate instructions." (*Ibid*.) While *Gutierrez* did not reverse on sufficiency of the evidence grounds, and therefore did not consider double jeopardy, the court nevertheless

15

criticized the approach taken in *D.N.*, "declin[ing] to fault either the trial court or the prosecutor for failing to correctly anticipate" the manner in which the Supreme Court would resolve the conflicting authority as to whether Proposition 47 applied to Vehicle Code section 10851. (*Gutierrez, supra*, at p. 858.)

### 3. *Double Jeopardy Principles*

"In proceedings before the juvenile court juveniles are entitled to constitutional protections against twice being placed in jeopardy for the same offense." (*Richard M. v. Superior Court* (1971) 4 Cal.3d. 370, 375.) The constitutional protection against double jeopardy generally prohibits retrial for the same offense when a conviction is reversed because of insufficient evidence (*People v. Goolsby* (2016) 244 Cal.App.4th 1220, 1225) but not "after a reversal premised on error of law." (*People v. Shirley* (1982) 31 Cal.3d 18, 71, superseded by statute on other grounds.) Where "evidence is not introduced at trial because the law at that time would have rendered it irrelevant, . . . remand to prove that element is proper and the reviewing court does not treat the issue as one of sufficiency of the evidence." (*People v. Figueroa* (1993) 20 Cal.App.4th 65, 72.)

The rule stated in *Figueroa* has been applied where "a statutory amendment adds an additional element to an offense" and that amendment applies retroactively to the defendant because his or her judgment is not yet final. (*People v. Eagle* (2016) 246 Cal.App.4th 275, 280.) However, federal courts have held that double jeopardy protections do not bar retrial where an intervening judicial decision clarifies that the law requires " 'evidence that was not theretofore generally understood to be essential to prove the crime . . . .' " (*United States v. Wacker* (10th Cir. 1995) 72 F.3d 1453, 1465 [double jeopardy did not bar retrial where the government presented its proof based on the then-governing rule in the Circuit and, while the case was on appeal, the Supreme Court clarified that additional evidence was necessary to support a conviction]; *United States v. Weems* (9th Cir. 1995) 49 F.3d 528, 530-531 [double jeopardy did not bar retrial where the government failed to prove a particular fact that the Supreme Court had recently held

16

must be proven to support a conviction but, "at the time of trial, under the law of our circuit, the government was not required to prove"].)

We requested supplemental briefing regarding the application of *Figueroa*, *Wacker*, and *Weems* to this case. The minor says *Figueroa* is distinguishable because, there, the law changed after defendant's conviction, whereas Proposition 47 was in effect at the time of the minor's adjudication. He argues *Weems* and *Wacker* are distinguishable because the intervening Supreme Court decisions at issue there were unexpected, such that prosecutors could not have foreseen the relevant changes in the law. He suggests that, by contrast, *Page* was foreseeable at the time of his adjudication because "Proposition 47 . . . already had been heavily litigated and the law was not settled." The Attorney General disagrees, arguing *Weems* and *Wacker* are on point because "[n]either prosecutors, the defense, nor courts could have guessed, much less predicted with certainty, the result in *Page*."

### 4. Analysis

The minor's adjudication for a felony violation of Vehicle Code section 10851 cannot stand because there is no evidence from which the court could have inferred that the minor and his friends intended only to temporarily deprive the owner of possession of the vehicle (i.e., to joyride and return the vehicle), as is necessary to support a non-theft-driving-based felony adjudication. Nor is there any evidence that the vehicle was worth more than $950, as is necessary to support a theft-based felony adjudication. The more difficult question is whether the Double Jeopardy Clause bars a new jurisdictional hearing on the Vehicle Code section 10851 charge at which the People can attempt to prove the minor intended to temporarily deprive the owner of possession of the vehicle or that the vehicle was worth more than $950.

In our view, remand for a new jurisdictional hearing is proper, and does not run afoul of the prohibitions against double jeopardy under the reasoning of *Figueroa*, *Weems*, and *Wacker*. It is true that Proposition 47 was in effect at the time of the minor's

17

adjudication.  But Proposition 47 did not amend Vehicle Code section 10851, subdivision (a) and, as the ensuing courts of appeal opinions show, its impact on that provision was not obvious.  Nor are we convinced that *Page* was foreseeable at the time of the minor's adjudication in late fall of 2015.  At that time, no court of appeal had held that Proposition 47 applied to Vehicle Code section 10851, subdivision (a).  Indeed, the timing of the minor's adjudication distinguishes this case from *D.N*.  The juvenile adjudication in that case took place in late fall of 2016, a full year after the minor's adjudication here.  In the meantime, court of appeal opinions with conflicting holdings regarding the application of Proposition 47 to Vehicle Code section 10851 were issued and our Supreme Court granted review in two of those cases.  Thus, even assuming prosecutors were on notice of the potential relevance of vehicle valuation evidence at the time of D.N.'s adjudication, that was not the case a year earlier at the time of the minor's adjudication.

## III.    DISPOSITION

The jurisdictional and dispositional orders are reversed and the matter is remanded to the juvenile court.  The People shall have the option to attempt to prove a felony violation of Vehicle Code section 10851 at a new jurisdictional hearing on count 2 of the petition or to accept a reduction of the adjudication for felony attempted violation of Vehicle Code section 10851 to a misdemeanor.  If the People opt to accept a reduction to a misdemeanor, the juvenile court is directed to amend its jurisdictional and dispositional orders accordingly.

_____

ELIA, ACTING P. J.

WE CONCUR:


_____

BAMATTRE-MANOUKIAN, J.



_____

MIHARA, J.



*People v. J.R.*
H043051

Trial Court:                                       Santa Clara County Superior Court

Superior Court No.:  3-14-JV-40959

Trial Judges:                                    Honorable Katherine Lucero

Honorable John J. Garibaldi

Counsel for Plaintiff and Respondent:    Kamala D. Harris, Xavier Becerra
THE PEOPLE                               Attorneys General

Gerald A. Engler
Chief Assistant Attorney General

Jeffrey M. Laurence
Assistant Attorney General

Eric D. Share, Ronald E. Niver
Deputy Attorneys General

Counsel for Defendant and Appellant:    Eileen Alisa Manning-Villar, Esq.
J.R.                                      By appointment of the Sixth District Appellate Program