Filed 10/30/23  P. v. Lopez CA2/8

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>EDGAR A. LOPEZ,<br><br>Defendant and Appellant. | B320713<br><br>Los Angeles County<br>Super. Ct. No. BA400013-02<br><br>ORDER MODIFYING OPINION AND DENYING REHEARING<br><br>[NO CHANGE IN JUDGMENT] |

THE COURT:

It is ordered that the opinion filed herein on October 2, 2023, be modified as follows:

1.  On pages 11 and 12, the final two paragraphs of the Discussion are deleted and replaced with the following paragraph:  "Remand for a new sentencing hearing is required.  (*People v. Rocha* (2019) 32 Cal.App.5th 352, 360 ["remand is necessary to ensure proceedings that are just under the circumstances, namely, a hearing at which both the People and defendant may be present and advocate for their positions"].)  The trial court should not have sentenced Lopez in absentia as it knew it was denying him his federal and state constitutional right to be personally present at resentencing.  The court acknowledged Lopez "should have

been here because it's a resentencing," but justified its actions by stating it was "following what they [the Court of Appeal] dictated." This court did not dictate that the trial court conduct a resentencing hearing in absentia or without exercising its sentencing discretion. The trial court's inexplicable failure to correct the error it knew it was making necessitated this avoidable second remand for resentencing."

2. On page 12, the first sentence of the Disposition is modified to add "for resentencing" after the word "remanded."

3. On page 12, the second and third sentences of the Disposition are deleted in their entirety.

There is no change in the judgment.

Appellant's petition for rehearing is denied.

_____
STRATTON, P. J.                    GRIMES, J.                    WILEY, J.

Filed 10/2/23  P. v. Lopez CA2/8 (unmodified opinion)

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B320713 |
| Plaintiff and Respondent, | Los Angeles County Super. Ct. No. BA400013-02 |
| v. | |
| EDGAR A. LOPEZ, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, George G. Lomeli, Judge.  Sentence vacated; remanded for resentencing with direction.

Brad Kaiserman, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Kenneth C. Byrne and Blake Armstrong, Deputy Attorneys General, for Plaintiff and Respondent.

—————————————

Edgar Lopez was convicted of the first degree murders of Steven Robinson, Aric Lexing, and Scott Grant (Pen. Code, § 187)[1] and the sale of methamphetamine (Health & Saf. Code, § 11379, subd. (a)), with associated enhancements and special circumstances found true. In Lopez's first appeal, we affirmed the convictions but vacated the gang-related special circumstance and enhancement findings and remanded for further proceedings. (*People v. Lopez* (2021) 73 Cal.App.5th 327 (*Lopez*).) The trial court resentenced Lopez in absentia without a waiver of his presence and re-imposed the original sentence except for the gang-related special circumstances and enhancements. Lopez appeals. We reject his argument that section 1109 requires that he be granted a new trial, but we vacate the sentence and remand for a resentencing hearing at which Lopez is present unless he properly waives his presence.

## FACTUAL AND PROCEDURAL BACKGROUND

Lopez was convicted of the first degree murders of Robinson, Lexing, and Grant, and the sale of methamphetamine.[2] (*Lopez, supra*, 73 Cal.App.5th at p. 332.) The jury found Lopez intentionally committed each murder while he was an active participant in a criminal street gang and the murder was committed to further the activities of the gang (§ 190.2, subd. (a)(22)). The jury also found Lopez was convicted of multiple murders (§ 190.2, subd. (a)(3)). (*Lopez*, at pp. 331–332.) For all three murders, the jury found true the special allegation

---

[1]     Undesignated statutory references are to the Penal Code.

[2]     We grant Lopez's request for judicial notice of the record from his prior appeal, case No. B301050.

2

that a principal personally and intentionally discharged a firearm, causing the victim great bodily injury or death (§ 12022.53, subds. (d) & (e)(1)); in the Lexing and Grant murders, the jury also found true allegations that Lopez personally and intentionally discharged a firearm, which caused Lexing and Grant great bodily injury or death (§ 12022.53, subd. (d)).  (*Lopez*, at p. 332.)  The jury found all four offenses were committed for the benefit of a criminal street gang (§ 186.22, subds. (b)(1)(A) & (b)(1)(C)).  (*Lopez*, at p. 332.)

The prosecution sought the death penalty, but the jury selected a sentence of life in prison without the possibility of parole.  (*Lopez*, *supra*, 73 Cal.App.5th at p. 332.)  For each of the three murders, Lopez was sentenced to life in prison without the possibility of parole, plus a sentence of 25 years to life for the firearms enhancement in section 12022.53, subdivision (d).  (*Lopez*, at p. 332.)  Additionally, the court imposed the mid-term of three years for the drug offense, plus three years for the gang enhancement.  (*Ibid*.)  The court designated the sentences to run consecutively.  (*Ibid*.)

Lopez appealed.  In *Lopez*, *supra*, 73 Cal.App.5th at page 348, we affirmed his convictions but vacated the gang enhancements under section 186.22, the special circumstance findings under section 190.2, subdivision (a)(22), and the gang-related firearms enhancements under section 12022.53, subdivision (e), all because of changes in the law made by Assembly Bill No. 333 (2021–2022 Reg. Sess.)  (Stats. 2021, ch. 699, §§ 1–4.)  We remanded the matter to give the People the opportunity to prove the applicability of the enhancements and special circumstances under amended section 186.22.  (*Lopez*, at pp. 346, 348.)

On May 11, 2022, the trial court conducted a resentencing hearing. Lopez's counsel requested the hearing be continued for two reasons. First, counsel wanted to explore with the People a recommended sentence of life with the possibility of parole rather than life without the possibility of parole. The court rejected this argument, stating that even if the People recommended the possibility of parole, it would not follow that recommendation based on the evidence at trial.

Second, Lopez's counsel sought a continuance to ascertain whether Lopez wished to be present or to waive his presence at the resentencing hearing. The court refused to continue the hearing, stating that in its view, the Court of Appeal had "basically modified" Lopez's sentence to comply with Assembly Bill No. 333, and its job was merely to "resentence the defendant in accordance with their modifications."

The court did not ask the prosecution whether it wished to retry the gang enhancements under section 186.22, the special circumstances under section 190.2, subdivision (a)(22), and the gang-related firearms enhancements under section 12022.53, subdivision (e). It imposed a sentence identical to the original sentence except for the omission of the vacated enhancements and findings: Lopez was sentenced to a consecutive term of life imprisonment without the possibility of parole for each murder, plus two consecutive sentences of 25 years to life on the Lexing and Grant murders pursuant to section 12022.53, subdivision (d), and a consecutive midterm sentence of three years for the methamphetamine conviction.

After imposing sentence, the court said, "Technically, I think he should have been here because it's a resentencing, but I

was following what they [the Court of Appeal] dictated." Lopez appeals.

## DISCUSSION

I.     **Section 1109**

Lopez argues he is entitled to a new trial based on the retroactive application of section 1109, which provides, inter alia, that gang enhancements under section 186.22, subdivisions (b) and (d) must be bifurcated from the trial on substantive offenses upon defense request.  He contends gang-related special circumstance allegations are also subject to bifurcation pursuant to that statute, and he claims the evidence relating to gangs would not otherwise have been admissible at trial.  Lopez argues the failure to bifurcate the gang-related allegations against him constituted structural error, or, in the alternative, was prejudicial under either the *Chapman* or *Watson* standard.  (*Chapman v California* (1967) 386 U.S. 18 (*Chapman*); *People v. Watson* (1956) 46 Cal.2d 818 (*Watson*).)

We recognize the split of appellate opinion on the question of section 1109's retroactivity.  The Supreme Court has granted review to resolve the issue.  (*People v. Burgos* (2022) 77 Cal.App.5th 550, review granted July 13, 2022, S274743 [§ 1109 applies retroactively]; *People v. Perez* (2022) 78 Cal.App.5th 192, review granted Aug. 17, 2022, S275090 [§ 1109 does not apply retroactively]; *People v. Ramirez* (2022) 79 Cal.App.5th 48, review granted Oct. 12, 2022, S275341 [same]; *People v. Boukes* (2022) 83 Cal.App.5th 937, review granted Dec. 14, 2022, S277103 [same]).)

Even if section 1109 were considered to operate retroactively, reversal would not be required here.  Our Supreme

5

Court has rejected the contention that failure to bifurcate constitutes structural error, and it has concluded the *Watson* standard for state-law error applies when examining whether the failure to bifurcate was prejudicial with respect to an appellant's guilty verdicts.  (*People v. Tran* (2022) 13 Cal.5th 1169, 1208–1209.)

Applying the *Watson* standard, any error in failing to bifurcate was not prejudicial because even if the gang enhancement allegations had been bifurcated, the gang evidence would have been admissible at trial to prove the special circumstance alleged against Lopez pursuant to section 190.2, subdivision (a)(22), which makes first degree murder punishable by death or life without the possibility of parole if "[t]he defendant intentionally killed the victim while the defendant was an active participant in a criminal street gang, as defined in subdivision (f) of Section 186.22, and the murder was carried out to further the activities of the criminal street gang."  (§ 190.2, subd. (a)(22).)  As section 1109 makes no reference to section 190.22, subdivision (a)(22), it does not apply to the determination of special circumstance allegations under section 190.2(a)(22).  (*People v. Montano* (2022) 80 Cal.App.5th 82, 114.)  Because the gang evidence would have still come in at trial due to the section 190.2, subdivision (a)(22) special circumstance allegation, Lopez was not prejudiced by the failure to bifurcate.  (See *People v. Hernandez* (2004) 33 Cal.4th 1040, 1049–1050 ["To the extent the evidence supporting the gang enhancement would be admissible at a trial of guilt, any inference of prejudice would be dispelled"]; *People v. Osband* (1996) 13 Cal.4th 622, 667 [if evidence is cross-admissible, prejudice is dispelled].)

Contending *Montano* was incorrectly decided, Lopez proposes we consider section 1109 ambiguous because it does not mention the gang-related special circumstance, then judicially rewrite the statute to expand it to gang-related special circumstance allegations. We may not do so. There is nothing ambiguous about section 1109; it simply does not provide for bifurcation with respect to gang-related special circumstances. "When construing a statute, our job is 'simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted, or to omit what has been inserted.' " (*People v. Bell* (2015) 241 Cal.App.4th 315, 321.) Lopez cannot establish prejudice here.

## II.     **Resentencing in Absentia**

Lopez correctly contends, and the Attorney General does not dispute, that the trial court erred in proceeding with the resentencing hearing in Lopez's absence without a waiver of his presence. (See *People v. Nieves* (2021) 11 Cal.5th 404, 508 [recognizing a criminal defendant's " 'constitutional and statutory right to be present at [a] sentence modification hearing and imposition of sentence' "]; *People v. Doolin* (2009) 45 Cal.4th 390, 453 [a defendant has a federal constitutional right to be present at "all critical stages" of a criminal prosecution; sentencing is a critical stage]; *People v. Rodriguez* (1998) 17 Cal.4th 253, 260 (*Rodriguez*) [resentencing is critical stage when court has discretion to reconsider sentence on remand]; *People v. Cutting* (2019) 42 Cal.App.5th 344, 348 (*Cutting*) [same]; *People v. Guerrero* (2022) 76 Cal.App.5th 329, 336 (*Guerrero*) [same]; *People v. Simms* (2018) 23 Cal.App.5th 987, 996 (*Simms*) [defendant's right to be personally present "extends to sentencing and resentencing proceedings"]; see generally *People v. Davis*

(2005) 36 Cal.4th 510, 531 [a defendant may waive his or her right to be present for a critical stage such as sentencing provided the waiver is knowing, intelligent and voluntary].)

Because the trial court's error resulted in a violation of Lopez's federal constitutional right to be present at a critical stage of the proceedings, we review the error under *Chapman*, , to determine if it was harmless beyond a reasonable doubt. (*People v. Mendoza* (2016) 62 Cal.4th 856, 902 [" 'Under the federal Constitution, error pertaining to a defendant's presence is evaluated under the harmless-beyond-a-reasonable-doubt standard set forth in *Chapman*' "].)  "Under that standard, the error 'may be deemed harmless only if we can conclude beyond a reasonable doubt that the deprivation did not affect the outcome of the proceeding.' " (*Cutting*, *supra*, 42 Cal.App.5th at p. 348.)

The Attorney General argues the error was harmless beyond a reasonable doubt because the court "followed the appellate opinion and vacated the gang enhancement and special allegation affected by [Assembly Bill No.] 333, and otherwise sentenced appellant to the same sentence that he received after trial and was present in court."  It is true the trial court followed our prior opinion insofar as it vacated the portions of the sentence we instructed it to vacate. (*Lopez*, *supra*, 73 Cal.App.5th at pp. 346, 348.)  However, the court failed to afford the People the opportunity to retry the enhancements and special circumstances in accordance with the changes in the law, as we expressly instructed it to do.  (*Id*. at p. 346.)  Additionally, the trial court failed to appreciate the scope of its authority on remand.  The California Supreme Court has "held that when part of a sentence is stricken on review, on remand for resentencing 'a full resentencing as to all counts is appropriate, so the trial court can

8

exercise its sentencing discretion in light of the changed circumstances.' " (*People v. Buycks* (2018) 5 Cal.5th 857, 893.) Accordingly, at resentencing, the trial court had jurisdiction to modify every aspect of the sentence, not just to vacate the enhancements and the special circumstances; and in resentencing Lopez, the court could consider " 'any pertinent circumstances which have arisen since the prior sentence was imposed' " in exercising its discretion. (*Ibid.*)

Given that the court had full authority to resentence Lopez, it is obvious that the court's reimposition of the same sentence except for the vacated enhancements and special circumstances is not sufficient to establish that the error in resentencing Lopez in his absence was harmless beyond a reasonable doubt. As the court explained in *Cutting*, "Here, Cutting may have offered mitigating factors that arose after his original sentencing; he may have expressed remorse; he may have made a plea for leniency. [Citation.] While the trial court may or may not have chosen to believe what Cutting might have said, if he said anything, we cannot conclude beyond a reasonable doubt that his presence at the hearing would not have affected the outcome. (See *Simms*, *supra*, 23 Cal.App.5th at p. 998; see also *Rodriguez, supra*, 17 Cal.4th at p. 258 ['[t]he evidence and arguments that might be presented on remand cannot justly be considered "superfluous," because defendant and his counsel have never enjoyed a full and fair opportunity to marshal and present the case supporting a favorable exercise of discretion'].)" (*Cutting, supra*, 42 Cal.App.5th at p. 350.)

Here, while Lopez's murder sentences were fixed at life without the possibility of parole by section 190.2, subdivision (a)(3), the trial court retained the discretion to elect

9

whether to strike the firearm enhancements pursuant to section 12022.53, subdivision (h), or to impose a lesser firearm enhancement. (*People v. Tirado* (2022) 12 Cal.5th 688, 692.) It had the discretion to impose a lower term sentence on the determinate count, and to elect whether to impose concurrent or consecutive sentences. Had Lopez been present and had the court conducted a full resentencing hearing, Lopez may have been able to present mitigating factors or other information to the court. But because the court resentenced Lopez without giving his counsel the opportunity to consult with him, counsel could not present, and indeed was entirely unaware of, any mitigating factors that may have arisen in the years that had passed since the original sentencing. Accordingly here, as in *Cutting*, we cannot conclude beyond a reasonable doubt that Lopez's presence at the hearing would not have affected the outcome.

The Attorney General argues sentencing Lopez in his absence without a valid waiver was harmless beyond a reasonable doubt. This is so, the Attorney General contends, because the court's statement that it would not follow a recommendation of life with the possibility of parole "shows that it was not inclined to alter its sentence beyond what the appellate opinion instructed," The Attorney General made a similar argument in *Guerrero*, contending that sentencing a defendant in absentia was harmless error because the court's comments indicated it would not have imposed a lesser sentence had the defendant been present, nor would it have found youth-related mitigating factors persuasive if had it considered them. (*Guerrero*, *supra*, 76 Cal.App.5th at pp. 337–338.) The Court of Appeal in *Guerrero* found this argument "troubling," because a

10

court's statement that it was not inclined to consider a sentence other than that originally imposed, when made without evaluating the factors to be considered at sentencing, "hardly means we can conclude a court properly exercising its well-informed sentencing discretion, rather than adamantly adhering to its initial determination, might not reach a different conclusion.  [A defendant] is entitled to no less than a thoughtful, well-considered decision."  (*Ibid*.)

Remand for a new sentencing hearing is required.  (*People v. Rocha* (2019) 32 Cal.App.5th 352, 360 ["remand is necessary to ensure proceedings that are just under the circumstances, namely, a hearing at which both the People and defendant may be present and advocate for their positions"].)  On remand, the trial court shall afford the People the opportunity to elect whether to retry the gang allegations and special circumstance allegations under the amended requirements of section 186.22.  (*Lopez, supra*, 73 Cal.App.5th at p. 346; *People v. Eagle* (2016) 246 Cal.App.4th 275, 280 [when a statutory amendment adds an additional element to an offense, the prosecution must be afforded the opportunity to establish the additional element upon remand].)  If the People elect not to retry Lopez on these allegations, or at the conclusion of any retrial, the trial court is directed to resentence Lopez, exercising its full sentencing discretion and conducting the hearing in Lopez's presence unless Lopez validly waives his constitutional right to be present.

The trial court should not have sentenced Lopez in absentia as it knew it was denying him his federal and state constitutional right to be personally present at resentencing.  The court acknowledged Lopez "should have been here because it's a resentencing," but justified its actions by stating it was "following

11

what they [the Court of Appeal] dictated." This court did not dictate that the trial court conduct a resentencing hearing in absentia, without following the instructions of this court, or without exercising its sentencing discretion. The trial court's inexplicable failure to correct the error it knew it was making necessitated this avoidable second remand for resentencing.

## DISPOSITION

The sentence is vacated and the matter remanded. On remand, the trial court shall afford the People the opportunity to elect whether to retry the gang enhancement allegations under section 186.22, the special circumstances allegations under section 190.2, subdivision (a)(22), and the gang-related firearm enhancement allegations under section 12022.53, subdivision (e). If the People elect not to retry Lopez on these allegations, or at the conclusion of any retrial, the trial court is directed to resentence Lopez, exercising its full sentencing discretion and conducting the hearing in Lopez's presence unless Lopez validly waives his right to be present.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

STRATTON, P. J.

We concur:

GRIMES, J.              WILEY, J.

12